**P. Armando GUTIERREZ and Strong Hold Construction, Appellants,**

v.

**Paul ELIZONDO, Appellee.**

No. 13–01–785–CV.

Court of Appeals of Texas, Corpus Christi–Edinburg.

July 15, 2004.

Craig S. Smith, Corpus Christi, for appellants.

Luis M. Cardenas, Hockema, Tippit & Escobedo, Edinburg, Edmundo O. Ra-

mirez, Lynse S. Larance, Lawrence C. Morgan, Ellis, Koeneke & Ramirez, L.L.P., McAllen, for appellee.

Before Justices HINOJOSA, YAÑEZ and GARZA.

## OPINION

Opinion by Justice GARZA.

Appellant, P. Armando Gutierrez, appeals from the judgment of the trial court in eight issues. We affirm in part and reverse and render in part.

The underlying dispute between Gutierrez and appellee, Paul Elizondo, involves a construction project in McAllen, Texas. The project entailed the construction of two commercial buildings on adjoining lots and was to be completed by Gutierrez and his company, Strong Hold Construction Company. The construction was not completed according to the schedule specified in the contract and Elizondo, the owner of one of the two lots, sued for damages on behalf of himself and the owner of the other lot. The trial court found in favor of Elizondo and awarded him $146,862.42 in damages and an additional $30,000 in attorney's fees. Gutierrez now appeals this judgment in eight issues: (1) the trial court's nunc pro tunc judgment involved a judicial act and was therefore void; (2) the court changed the setting from a jury to a non-jury trial without proper notice; (3) there was no enforceable contract between the parties; (4) there was legally and factually insufficient evidence underlying the court's decision to award Elizondo damages that were actually incurred by a third party; (5) legally and factually insufficient evidence supported the court's calculation of damages; (6) legally and factually insufficient evidence supported the court's finding that Gutierrez failed to convey the full property; (7) the attorney's fees awarded were excessive; and (8) the judgment

should be remanded for cumulative error. We address each issue in turn.

## Nunc Pro Tunc Judgment

A trial judge can amend a judgment prior to the time that it becomes final. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978); *Ortiz v. O.J. Beck & Sons, Inc.*, 611 S.W.2d 860, 863 (Tex.Civ.App.-Corpus Christi 1980, no writ). The court can only correct the entry of a final written judgment that incorrectly states the judgment actually rendered. *Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex. 1986); *Jenkins v. Jenkins*, 16 S.W.3d 473, 482 (Tex.App.-El Paso 2000, no pet.). After the judgment becomes final, it can be altered through the entry of a nunc pro tunc judgment only if the evidence shows that a clerical error, rather than a judicial error, caused the inaccuracy. Tex.R. Civ. P. 316; *Ortiz*, 611 S.W.2d at 863. A judicial error is an error which occurs in the rendering, as opposed to the entering, of a judgment. *Escobar*, 711 S.W.2d at 231; *Jenkins*, 16 S.W.3d at 482. A clerical error is one which, after being corrected, does not change the terms of the judgment as rendered. *See Mathes*, 569 S.W.2d at 877. After a trial court has lost plenary power over a judgment, it may not correct judicial errors through a nunc pro tunc proceeding, but may correct purely clerical errors after proper notice to the parties. *See Dikeman v. Snell*, 490 S.W.2d 183, 186 (Tex.1973). It is a question of law whether an error is clerical or judicial, and the trial court's finding or conclusion as to the nature of error is not binding on the appellate court. *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968); *Wood v. Griffin & Brand of McAllen*, 671 S.W.2d 125, 128 (Tex.App.-Corpus Christi 1984, no writ).

Gutierrez claims that July 26, 2001, the date that the trial was held, was intended to be the hearing date for a motion for

summary judgment and should not have been the date of the actual trial on the merits. Thus the proceeding that occurred and the judgment rendered violated his due process rights. However, we do not find this assertion to be supported in the record.

■ Elizondo, after filing his original petition and participating in a docket control conference, filed a motion for summary judgment, which was scheduled for a hearing. According to an "Order Setting Submission Date" included in the record, the motion was set for submission on June 29, 2001 without the necessity of oral argument. There is no record of what, if anything, occurred on that date. Entries on the docket sheet indicate that the underlying case was initially set for jury trial on February 12, 2001. On that date, the case was reset to May 21, 2001, still as a jury trial. Finally, on May 21, 2001, the case was reset for a bench trial on July 26, 2001. When the case was called on July 26, 2001, the judge announced, "We're going to go to trial right now," and after giving the parties one last opportunity to reach a settlement, asked both sides, "Do you have your witnesses here present and ready to go?" A full bench trial was then held, with witness testimony and cross-examination. At the conclusion of the trial, the judge announced his ruling orally, then signed an order of judgment that Elizondo had already prepared and offered to the judge. This judgment stated that it was based on Elizondo's motion for summary judgment.

On November 15, 2001, Elizondo filed a motion requesting a judgment nunc pro tunc. The court responded by entering a judgment nunc pro tunc identical to the earlier rendered judgment except that it omitted the reference to Elizondo's motion for summary judgment and included a reference to the trial actually conducted. Gutierrez now objects, claiming that this change was a judicial act and had the effect of altering the proceedings from a hearing on summary judgment to a full trial.

We disagree. The trial was clearly a bench trial from the start of the proceedings. The date had been rescheduled several times but the docket sheet clearly indicates that July 26, 2001 was the date scheduled for the trial, not for the summary judgment motion. Even if this had been the date scheduled for the summary judgment hearing, neither party voiced any objection when the judge noted that he was proceeding to trial, thereby waiving any right to complain on appeal. TEX. R.APP. P. 33.1; see Atl. Richfield Oil & Gas Co. v. McGuffin, 773 S.W.2d 711, 715 (Tex.App.-Corpus Christi 1989, writ dism'd). The judge asked the parties if they had their witnesses present and ready; no objections or responses in the negative were recorded. Witness testimony and cross-examination, which could not have occurred at a hearing on summary judgment, was then conducted without objection. See TEX.R. CIV. P. 166a(c) (no oral testimony allowed at summary judgment hearing). The judge did not limit the issues to those raised in the summary judgment motion. The judgment rendered in the nunc pro tunc judgment was the same as the judgment orally announced at trial and intended by the trial court. Therefore, we find that the entry of the nunc pro tunc judgment was proper in order to correct the clerical mistake made in the language of the initial judgment, and we overrule Gutierrez's first issue.

## Non–Jury Trial

By his second issue, Gutierrez argues that the trial court erred by changing the trial from a jury to a bench trial without proper notice to the parties. The case was

initially set for jury trial; however, the docket sheet shows that it was later re-set for a bench trial and was actually held before a judge only.

■ In civil suits, the parties, and not the court, have the burden of procuring a jury for trial, and must both provide a written request for a jury and pay a fee or prove inability to pay the fee. TEX.R. CIV. P. 216. Only after these requirements are fulfilled is the court obligated to follow the procedure for jury trials. *See Gaines v. Gaines,* 677 S.W.2d 727, 729–30 (Tex.App.-Corpus Christi 1984, no writ).

Gutierrez provides no evidence that either party to this suit properly requested a jury or paid the jury fee to the clerk of the court. No request appears in the record. Also, no objections to the lack of a jury presence were raised at the trial. Gutierrez has therefore waived his right to a jury trial, and cannot now object to the absence of a jury on appeal. TEX.R.APP. P. 33.1; *see Hernandez v. Light Pub. Co.,* 245 S.W.2d 553, 554 (Tex.Civ.App.-San Antonio 1952, writ ref'd). We accordingly overrule his second issue.

## Enforceable Contract

■ In his third issue, Gutierrez argues that the contract for the construction of the two buildings is not enforceable because it does not reflect a meeting of the minds concerning the parties' respective legal obligations. However, no objection to the contract on this ground was raised at any point in the pleadings or trial below. If an error is not preserved at trial, this Court cannot address it on appeal. TEX. R.APP. P. 33.1; *see Greater Houston Transp. Co. v. Zrubeck,* 850 S.W.2d 579, 585 (Tex.App.-Corpus Christi 1993, writ denied). We overrule Gutierrez's third issue on appeal.

## Legal and Factual Sufficiency

### A. Standard of Review

■ In three issues, Gutierrez challenges the legal and factual sufficiency of the evidence supporting the judgment. In a non-jury trial, where findings of fact and conclusions of law were neither requested nor filed, it will be implied that the trial court made all necessary findings to support its judgment. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex. 1992); *Valley Mech. Contractors v. Gonzales,* 894 S.W.2d 832, 834 (Tex.App.-Corpus Christi 1995, no writ). If the evidence supports the implied findings, we must uphold the judgment of the trial court on any theory of law applicable to the case. *Valley Mech.,* 894 S.W.2d at 834.

To review a legal sufficiency challenge, we consider only the evidence and inferences that support the finding and we disregard all evidence and inferences to the contrary. *Lenz v. Lenz,* 79 S.W.3d 10, 19 (Tex.2002); *Borg–Warner Protective Servs. v. Flores,* 955 S.W.2d 861, 865 (Tex. App.-Corpus Christi 1997, no pet.). The party that did not bear the burden of proof on the issue at trial must show on appeal that the record presents no probative evidence to support the adverse finding. *See Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983). If there is more than a scintilla of evidence in support of the finding, this Court may not overturn the finding for legal insufficiency, regardless of the counter evidence available. *Valley Mech.,* 894 S.W.2d at 836.

When reviewing a challenge to the factual sufficiency of the evidence, we consider all of the evidence. *Plas–Tex, Inc. v. United States Steel Corp.,* 772 S.W.2d 442, 445 (Tex.1989); *Hlavinka v. Hancock,* 116 S.W.3d 412, 416–17 (Tex.App.-Corpus Christi 2003, pet. denied). If the complaining party did not bear the burden of proof at trial, she must demonstrate on

appeal that the finding is against the great weight and preponderance of the evidence. *See Croucher*, 660 S.W.2d at 58; *Hlavinka*, 116 S.W.3d at 417. Otherwise, we will defer to the implied findings of the trial court. *Valley Mech. Contractors*, 894 S.W.2d at 836; *Hlavinka*, 116 S.W.3d at 417.

### B. Third–Party Damages

■ In his fourth issue, Gutierrez contends that there is legally and factually insufficient evidence to support the court's decision to grant Elizondo an award for damages actually suffered by a third party.

■ A cause of action is a property right and may be assigned to another, except where a statute expressly prohibits such assignment. *American Indem. Co. v. Baumgart*, 840 S.W.2d 634, 637–38 (Tex. App.-Corpus Christi 1992, no writ). Assignments of claims for damages to third parties will be honored and enforced by this Court. *See Gregorcyk v. Al Hogan Builder, Inc.*, 884 S.W.2d 523, 526 (Tex. App.-Corpus Christi 1994, writ denied).

The dispute at hand involves the construction of two adjoining buildings in a commercial center, referred to in the contract as "Lot 2" and "Lot 3." Elizondo asserted in his original petition that, "On or about July 12, 1997, Lot 2 was owned by Noe Gonzalez and Lot 3 was owned by Plaintiff [Elizondo]. Noe Gonzalez has subsequently assigned any claims he may have against Defendants [Gutierrez and Strong Hold Construction] arising from his interest in Lot 2 to Plaintiff." Although the evidence presented at trial did not explicitly refer to this assignment, the contract refers to the owners of the property as both Gonzalez and Elizondo, and is signed by both of them. At trial both Elizondo and Gutierrez referred to the partnership agreement between Gonzalez

and Elizondo. This evidence provides more than the necessary scintilla of evidence tending to prove that Elizondo was entitled to litigate this claim and receive compensation for damages incurred by Noe Gonzalez, and thus satisfies our legal sufficiency review. Turning to factual sufficiency, we note that no evidence disputing the propriety or the existence of the assignment can be found in the record. Therefore, the decision of the court to award Elizondo compensation for damages incurred by Noe Gonzalez was supported by both legally and factually sufficient evidence. We overrule Gutierrez's fourth issue.

### C. Liquidated Damages

By his fifth issue, Gutierrez claims there is legally and factually insufficient evidence to support the court's calculation of liquidated damages. The court based its calculation of damages on Elizondo's testimony and evidence regarding the date by which the two buildings were substantially completed. The contract required liquidated damages of $250.00 per day per lot for each day that construction continued beyond the scheduled completion date. The term "substantial completion" was not defined in the contract.

■ Previous cases arising out of construction disputes have held that "substantial completion" of a construction contract is regarded as "full performance" of construction and all related obligations. *See Transamerica Ins. Co. v. Housing Auth. of Victoria*, 669 S.W.2d 818, 823 (Tex.App.-Corpus Christi 1984, writ ref'd n.r.e.). Substantial completion may be established in court by receipts for payment and affidavits from the parties, *see Gordon v. Western Steel Co.*, 950 S.W.2d 743, 749 (Tex.App.-Corpus Christi 1997, pet. denied), or by the certification of the work by the purchaser. *See D. Wilson Constr. Co.*

*v. McAllen Indep. Sch. Dist.,* 848 S.W.2d 226, 228 (Tex.App.-Corpus Christi 1992, writ dism'd w.o.j.).

We begin a legal sufficiency review by considering the evidence presented in support of the decision. The parties disputed the date on which the buildings were substantially completed, as this date was used to calculate liquidated damages. Elizondo testified at the trial that the completion dates of the buildings on the two lots were established by two warranty deeds with mechanics liens for the two lots, entered as exhibits at trial, which were signed by both parties and notarized on the dates to which he attested as the dates of completion. Although not a receipt for payment or certification of the work, we note that this evidence is similar in nature to documents used in previous cases to establish substantial completion. *See Gordon,* 950 S.W.2d at 749; *D. Wilson Constr.,* 848 S.W.2d at 228. As this evidence amounts to more than a scintilla tending to support the verdict of the trial court, we conclude it is legally sufficient.

For the factual sufficiency review, we also consider evidence contrary to the verdict. This evidence includes Gutierrez's trial testimony in which he referred to dates of completion that significantly preceded Elizondo's dates. Gutierrez did not introduce any other evidence or documentation supporting his contentions, and he testified that he did not remember the exact date or month in which he completed the work. We must therefore defer to the judge's decision that substantial completion occurred on the last date of significant interaction between the parties, i.e., the date the warranty deeds were signed and notarized. *See E.C., Jr. v. Graydon,* 28 S.W.3d 825, 829 (Tex.App.-Corpus Christi 2000, no pet.) (when factual findings largely turn on fact-finder's evaluation of witness credibility and demeanor, appellate court cannot substitute its judgment for that of trial court). The decision to grant liquidated damages based on the completion dates advanced by Elizondo was supported by factually sufficient evidence. Accordingly, we overrule Gutierrez's fifth issue.

### D. Contract Language

By his sixth issue, Gutierrez claims that there was legally and factually insufficient evidence to support the court's award of damages of $49,120.00 based on his failure to fully convey the agreed-upon 7/8ths of an acre.

This issue arises from disputed language in the construction contract. The question of whether a contract is ambiguous is one of law for the court. *Heritage Res. Inc. v. NationsBank,* 939 S.W.2d 118, 121 (Tex.1996); *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 520 (Tex.1995). A contract is ambiguous when its meaning is uncertain and doubtful or is reasonably susceptible to more than one interpretation. *Heritage Res.,* 939 S.W.2d at 121, *Engelman Irrigation Dist. v. Shields Bros.,* 960 S.W.2d 343, 349 (Tex. App.-Corpus Christi 1997), *pet. denied,* 989 S.W.2d 360 (Tex.1998).

If a written contract is worded so that it can be given a definite or certain legal meaning, then it is unambiguous. *Nat'l Union,* 907 S.W.2d at 520; *see also Coker v. Coker,* 650 S.W.2d 391, 393 (Tex. 1983); *Universal CIT Credit Corp. v. Daniel,* 150 Tex. 513, 243 S.W.2d 154, 157 (1951). If a contract is not ambiguous, it must be interpreted according to its terms. *See Heritage Res.,* 939 S.W.2d at 121. Contract terms are given their plain, ordinary and generally accepted meanings unless the contract itself shows that particular definitions are used to replace those meanings. *W. Reserve Life Ins. v. Mead-*

*ows,* 152 Tex. 559, 261 S.W.2d 554, 557 (1953); *see also Reilly v. Rangers Mgmt., Inc.,* 727 S.W.2d 527, 529 (Tex.1987); *Bituminous Cas. Corp. v. Maxey,* 110 S.W.3d 203, 213 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). We must attempt to give effect to all contract provisions so that none will be rendered meaningless. *Kelley–Coppedge, Inc. v. Highlands Ins. Co.,* 980 S.W.2d 462, 464 (Tex.1998). Where there is no ambiguity, disagreement by the parties over the interpretation of the contract will not make it ambiguous. *Sun Oil Co. v. Madeley,* 626 S.W.2d 726, 727 (Tex. 1981); *McCall v. McCall,* 24 S.W.3d 508, 516 (Tex.App.-Houston [1st Dist.] 2001, pet. denied).

 Elizondo claims that he and Noe Gonzalez expected to receive approximately 38,115 square feet of property for their exclusive use, but only received 14,628 square feet; the remainder was turned into a parking lot for common use. Gutierrez does not dispute that he failed to convey a full 7/8ths of an acre to Elizondo and Gonzalez. Instead, he denies that the contract gave exclusive use of the space beyond the two buildings to Elizondo and Gonzalez. The trial court found in favor of Elizondo and included in its calculation of damages an amount intended to compensate Elizondo for his loss of the parking lot for his exclusive use.

The relevant section of the contract sets out the requirements for contract completion:

(1) Finish out of 14,628 [square feet] Lot 2 and 3

(2) Included is parking lot, landscaping, resubdivision, permits, taxes and everything to complete a finished product

(3) Lot 2 to be placed in the name of Noe Gonzalez

(4) Lot 3 to be placed in the name of Pablo Elizondo, Jr.

(5) Lot 2 will be subdivided from Lot 3.

(6) Property approximately 7/8 of an acre [38,115 square feet]

The blueprint sketch attached to the contract demonstrates that Lot 2 and Lot 3 are two buildings within a larger complex fronted entirely by a parking lot accessible to all buildings on the lot. It is clear from these contract terms, which comprise the only mention of the parking lot in the contract, that Lot 2 was to be specifically and exclusively conveyed to Noe Gonzalez and Lot 3 was to be specifically and exclusively conveyed to Paul Elizondo. It is also clear that *construction* of a parking lot was to be included under the terms of the contract. However, no term of the contract promises to convey ownership or exclusive use of the parking lot to either purchaser or to both of them as tenants-in-common. In fact, the terms of the contract clearly demonstrate that the parties never agreed to a conveyance of the parking lot. Conveyance, where it was intended, was made explicit. This is demonstrated clearly in the third and fourth provisions recited above. This was a contract to build and convey two lots in a larger commercial center and to *build*— but not *convey*—an adjacent parking lot.

As the contract can be given a specific legal meaning based on its terms, we find it to be unambiguous. *See, e.g., T–Vestco Litt–Vada v. Lu–Cal One Oil Co.,* 651 S.W.2d 284, 290–91 (Tex.App.-Austin 1983, writ ref'd n.r.e.) (declaring the terms of an oil and gas contract unambiguous when they can be read for a specific meaning); *Land Locators of Tex., Inc. v. La Cour du Roi, Inc.,* 592 S.W.2d 7, 8–9 (Tex.App.-Beaumont 1979, writ ref'd n.r.e.) (declaring unambiguous a contract to convey land despite lack of price term; parties found to have not agreed on price but did agree to convey). Because the contract is unambiguous, there is no available theory of law

which would support a finding that the full 7/8ths of an acre should have been conveyed to Elizondo and Gonzalez, and so we are unable to uphold the judgment of the trial court as well as the implied fact finding underlying judgment on this issue. We reverse and render on this issue alone, and accordingly reduce the judgment in the amount awarded of $49,120.00.

### Attorney's Fees

■■■ By his seventh issue on appeal, Gutierrez challenges the reasonableness of the trial court's award of $30,000 in attorney's fees. The trial court's award of attorney's fees will not be disturbed absent an abuse of discretion. *First Fed. Sav. & Loan Ass'n v. Ritenour*, 704 S.W.2d 895, 902 (Tex.App.-Corpus Christi 1986, writ ref'd n.r.e.). A trial court abuses its discretion when it acts arbitrarily and unreasonably and without reference to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985); *Garcia v. Barreiro*, 115 S.W.3d 271, 274 (Tex.App.-Corpus Christi 2003, no pet.). When reviewing matters reserved for the trial court's discretion, a court of appeals may not substitute its own judgment for that of the trial court. *See Flores v. Fourth Court of Appeals*, 777 S.W.2d 38, 41 (Tex.1989) (orig. proceeding).

■■■ The determination of reasonable attorney's fees is a question for the trier of fact. *See, e.g., Gonzalez v. Nielson*, 770 S.W.2d 99, 102 (Tex.App.-Corpus Christi 1989, writ denied). Testimony of a local attorney as to what would be a reasonable fee for handling the case is evidence that supports an award of attorney's fees. *Id.* at 103. The court is free to look at the entire record, the amount in controversy, the evidence presented on reasonableness, the common knowledge of the participants as lawyers and judges, and the relative success of the parties when it determines fees. *Chilton Ins. Co. v. Pate & Pate Enters., Inc.*, 930 S.W.2d 877, 896 (Tex.App.-San Antonio 1996, writ denied).

Elizondo submitted with his motion for summary judgment an affidavit from his attorney asserting that reasonable attorney's fees were $7,000. At trial, counsel for Elizondo testified that by that time, reasonable attorney's fees were $30,000 based on his experience and the time he spent preparing the case. Gutierrez presented no evidence or testimony to show that reasonable attorney's fees would be less than what was requested by Elizondo. Based on the uncontroverted evidence in the record, we cannot conclude that this award constituted an abuse of discretion by the trial court, and we overrule Gutierrez's seventh issue on appeal.

### Cumulative Error

In his eighth issue, Gutierrez requests that the court remand the case due to cumulative error. Because we have overruled all but one of the substantive issues presented by Gutierrez, we will not remand the entire case. Therefore, we overrule Gutierrez's eighth issue on appeal.

We affirm the judgment of the trial court in part and reverse and render in part. Accordingly, the trial court's judgment is reduced by $49,120.00, the amount of the damages awarded for failure to convey the parking lot. We render judgment for Elizondo for $127,742.42.