NUMBER
13-04-259-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

CONTINENTAL
CASUALTY COMPANY,                                        Appellant,

                                                             v.

BARRY W. MANGUM,                                                                       Appellee.

 

 

                    On appeal from the 329th District
Court

                                       of
Wharton County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 

 








Appellant, Continental Casualty Company (ACCC@), appeals from the trial court=s judgment upholding a decision of the Texas Workers= Compensation Commission (ATWCC@) in favor of appellee, Barry Mangum.  We affirm.

Background

Mangum is a former employee of Stewart &
Stevenson Services, Inc.  Stewart &
Stevenson provided their employees with workers=
compensation insurance from CCC.  Mangum
was employed as a mechanic on an assembly line with Stewart & Stevenson for
over seven years, installing the brake and exhaust systems on trucks, which
required the frequent use of pneumatic tools in repetitive motions.  

Mangum began having problems with his hands in
1999.  He first believed the pain and
numbness in his hands was caused by poor circulation.  He began reporting his problems to his doctor
in November of 1999 and was initially diagnosed with arthritis and high blood
pressure.  During a return visit on
December 2, 1999, his doctor found signs of possible carpal tunnel syndrome and
referred Mangum to a second doctor. 
Mangum was examined by the second doctor on December 8; this doctor
confirmed that Mangum was exhibiting symptoms of carpal tunnel syndrome, told
him to start wearing splints on his wrists, and began tests to verify that the
problem was in fact carpal tunnel syndrome. 
The test results were analyzed on December 28 and found to be suggestive
of carpal tunnel syndrome, although an official diagnosis was not made until
March of 2000.   

Mangum reported the doctor=s findings to his employer on January 5, 2000.  He continued to work until March 20, 2000,
when he underwent wrist surgery to correct the injury.  He was unable to resume working until May 8,
2000.  








Mangum sought workers=
compensation benefits for this period of unemployment following his surgery,
which CCC contested.  A hearing officer
of the TWCC heard his case and determined that (1) Mangum had sustained a
compensable occupational disease-related injury, (2) the date of the injury was
December 8, 1999, and (3) CCC was responsible for paying Mangum workers= compensation benefits for his inability to work
from March 20 to May 8. 

CCC appealed the decision of the TWCC to the Wharton
County district court, arguing that because Mangum was initially warned that he
may be suffering from carpal tunnel syndrome on December 2, the date of his
injury was December 2, not December 8. 
The date of the injury was a key issue in determining CCC=s liability because an employee is required to
report a work-related injury to his employer within thirty days in order to be
eligible for benefits.  See Tex. Lab. Code Ann. ' 409.001(a) (Vernon 1996).  Mangum reported his injury to his supervisor
on January 5, which was more than thirty days after the initial exam on
December 2, but less than thirty days after the confirmation of his symptoms on
December 8.  Following a bench trial, the
judge affirmed the findings of the TWCC, and CCC accordingly filed its appeal
with this Court. 

CCC now appeals in three issues:  (1) the trial court erred in finding that
Mangum should have known that he had carpal tunnel syndrome and that it was
work-related as of December 8, because the evidence is factually insufficient
to support the court=s rulings; (2) the trial court erred in finding that
Mangum should have known that he had carpal tunnel syndrome and that it was
work-related as of December 8 because the evidence is legally insufficient to
support the court=s rulings; and (3) the trial court erred in finding
that Mangum timely reported his work-related injury to his employer pursuant to
section 409.001 because the evidence is factually insufficient to support the
trial court=s rulings. 
All three of these issues, however, turn on the single question of
whether the trial court=s finding of fact that Mangum=s injury occurred on December 8 and not on December
2 was correct.








Standard of Review

The trial court performs a Amodified de novo review@ of a TWCC decision. Lumbermens Mut. Cas. Co. v.
Manasco, 971 S.W.2d 60, 61 (Tex. 1998); Tex. Workers' Comp. Comm'n v.
Garcia, 893 S.W.2d 504, 530‑31 (Tex. 1995).  The Texas Workers' Compensation Act provides
that the reviewing court is informed of the TWCC  decision, but independently decides the
issues by a preponderance of the evidence. 
See Tex. Lab. Code Ann. ' 410.301 (Vernon 1996); Garcia, 893 S.W.2d at
531.

Findings of fact in a case tried to the court have
the same force and effect as a jury's verdict on questions, and are reviewable
for legal and factual sufficiency under the same standards.  Anderson v. City of Seven Points, 806
S.W.2d 791, 794 (Tex. 1991); Min v. Avila, 991 S.W.2d 495, 500 (Tex.
App.BHouston [1st Dist.] 1999, no pet.); see Gutierrez
v. Elizondo, 139 S.W.3d 768, 773-74 (Tex. App.BCorpus Christi 2004, no pet.) (discussing the
well-settled standards of review for legal and factual sufficiency).

Texas Labor Code

Under section 409.001 of the Texas Labor Code, an
employee must notify an employer of an injury no later than thirty days after
the date which Aif the injury is an occupational disease, the
employee knew or should have known that the injury may be related to the
employment.@  Tex. Lab. Code Ann. ' 409.001(a)(2). 
An Aoccupational disease@ is
defined in the labor code as the following:








a
disease arising out of and in the course of employment that causes damage or
harm to the physical structure of the body, including a repetitive trauma
injury. The term includes a disease or infection that naturally results from
the work‑related disease. The term does not include an ordinary
disease of life to which the general public is exposed outside of
employment, unless that disease is an incident to a compensable injury or
occupational disease.

 

Id. ' 401.011(34) (Vernon Supp. 2004-05) (emphasis
added).

Arthritis, poor
circulation and high blood pressure are ordinary diseases of life and not
necessarily linked to or caused by an occupational injury or disease.  See Aetna Cas. & Surety Co. v. Burris,
600 S.W.2d 402, 406 (Tex. Civ. App.BTyler 1980, writ ref=d
n.r.e.).  The TWCC does not typically
consider ailments like arthritis to fall under the definition of occupational
disease.  See, e.g., Appeal No.
032809, 2003 TX Wrk. Comp. LEXIS 2619, at *8 (Tex. Workers' Comp. Comm'n Dec.
11, 2003); Appeal No. 990732. 1999 TX Wrk. Comp. LEXIS 3697, at *6 (Tex.
Workers' Comp. Comm'n May 24, 1999). 

At the time of Mangum=s December 2 visit to his doctor, he had been
diagnosed previously with arthritis and high blood pressure.  During this particular visit, the doctor
informed Mangum that he was also demonstrating some signs of carpal tunnel
syndrome.  However, at this point, it was
unclear whether Mangum actually had developed carpal tunnel syndrome or was
still suffering from the effects of his arthritis; his doctor had to refer him
to another physician in order to determine if these new symptoms were, in fact,
indicative of carpal tunnel syndrome. 
Therefore, there was no evidence in the record to suggest that, as of
this December 2 doctor=s visit, Mangum Aknew
or should have known@ that his condition was beyond an Aordinary disease of life@ and actually consisted of a work-related
injury.  At most, he and his doctor had a
suspicion that his pre-existing condition had possibly developed or changed
into a work-related injury.  This
suspicion is not equivalent to actual or constructive knowledge, which is
required by the statute before an employee is obligated to report to his
supervisor. 








The trial court resolved the conflict regarding the
date of Mangum=s injury by deciding that it occurred on December 8,
and Mangum was therefore legally entitled to compensation after reporting this
injury within thirty days as required by statute.   Viewing the evidence presented in the light
most favorable to this verdict and disregarding all evidence to the contrary,
we conclude the evidence was legally sufficient to support this outcome.  See Gutierrez, 139 S.W.3d at 773.  Reviewing the entirety of the evidence for
factual sufficiency, we conclude that the trial court properly resolved the
conflict before it and its resolution is not so contrary to the overwhelming
weight of the evidence as to be clearly wrong and manifestly unjust and is
therefore factually sufficient.  See
id. at 773-74. 

Conclusion

The judgment of the trial court is affirmed.                

    

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Memorandum Opinion delivered and filed

this 11th day of August, 2005.