

**NUMBER 13-07-00391-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

GUADALUPE ATKINSON,                                  **Appellant,**

**v.**

SAN JUANITA ATKINSON,                                 **Appellee.**

---

**On appeal from the 103rd District Court
of Cameron County, Texas.**

---

**MEMORANDUM OPINION**

**Before Justices Yañez, Rodriguez, and Vela
Memorandum Opinion by Justice Rodriguez**

Appellee, San Juanita Atkinson, sued appellant, Guadalupe Atkinson, for breach of contract, fraud, theft, and violations of the Deceptive Trade Practices Act (DTPA). After a bench trial, the trial court ruled in favor of San Juanita and awarded $91,000 in actual damages, $5,000 in attorney's fees, and court costs. By two issues, Guadalupe contends

that the evidence is legally and factually insufficient to support the trial court's judgment. We affirm.

## I. Background

San Juanita asked her father, Jesus Atkinson, and her step-mother, Guadalupe, to hold $91,000 in a safe at their home. Sometime after placing the money in the safe, San Juanita had Jesus open the safe. It was empty. San Juanita filed charges against Guadalupe and Jesus. Guadalupe pleaded "no contest" to the charge of felony theft and was sentenced to pay restitution in the amount of $87,000.

San Juanita then filed suit against Guadalupe alleging, among other things, civil theft.[1] *See* TEX. CIV. PRAC. & REM. CODE § 134.002 (Vernon 2005). At trial, Guadalupe testified that she pleaded "no contest" to the criminal charge of theft, was ordered by the court to pay restitution, and that she believed she owed about $82,000 minus some deductions. Guadalupe acknowledged that a document entitled "WRITTEN WAIVER AND CONSENT TO STIPULATION OF TESTIMONY, WAIVER OF JURY AND PLEA OF GUILTY" was a correct copy of her plea and it was admitted into evidence. In this document, Guadalupe stipulated that each and every allegation in the indictment charging the offense of "[t]heft $20,000-100, 000 [was] true and correct."

Guadalupe further testified that Jesus and San Juanita both knew the combination to the safe, but that when San Juanita requested her money, "[Jesus and San Juanita] shot [the safe] open with a pistol." Guadalupe stated that she had not opened the safe before San Juanita discovered her money was missing. However, at another point during her

---

[1] San Juanita also filed suit against Jesus who did not appear at trial. The trial court granted a default judgment against Jesus in favor of San Juanita. Jesus is not a party to this appeal.

testimony, Guadalupe admitted to taking $5,000 out of the safe without San Juanita's permission.

Guadalupe's deposition was admitted into evidence. In her deposition, Guadalupe stated that San Juanita called her when she wanted to remove some of her money from the safe because Jesus wanted Guadalupe to be present when it was opened. However, Guadalupe did not go to the house and Jesus used a jigsaw to open the safe. When asked by San Juanita's counsel why Jesus would open the safe using a jigsaw when he knew the combination, she said she did not know. Guadalupe stated, "[Y]ou want me to admit [that Jesus knew the combination]. Maybe he forgot it. He's always on medication and pills. I cannot answer. Maybe he did know it. Maybe I'm assuming that he knew it and maybe he's claiming that he forgot it."

San Juanita testified that she entrusted $91,000 to Guadalupe and Jesus. She admitted into evidence a bank statement showing three withdrawals of $15,000, $40,000, and $30,000 from her bank account. She further testified that after Guadalupe opened the safe for her, she recorded the amount of money on a piece of paper, told Guadalupe how much money it was, and placed it in the safe. San Juanita stated that when she needed $13,000 to pay a contractor who was working on her house, she asked Guadalupe to open the safe in order for her to remove the money. Guadalupe then disappeared for three or four days. San Juanita claimed that Jesus could not open the safe because he did not know the combination, so they opened the safe with a jigsaw.

Without stating the theory of recovery, the trial court ruled in favor of San Juanita and ordered Guadalupe to pay $91,000, attorney's fees and court costs. No findings of fact and conclusions of law were requested or filed. This appeal ensued.

## II. Standard of Review

In a nonjury trial, where no findings of fact and conclusions of law are requested or filed, all the necessary findings of fact to support the trial court's judgment are implied. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992); *Gutierrez v. Elizondo*, 139 S.W.3d 768, 773 (Tex. App.–Corpus Christi 2004, no pet.). Implied findings may be challenged for legal and factual sufficiency when the appellate record contains the reporter's and clerk's records as in this case. *Sixth RMA Partners, L.P.*, 111 S.W.3d at 52; *Wade v. Comm'n for Lawyer Discipline*, 961 S.W.2d 366, 374 (Tex. App.–Houston, [1st Dist.] 1997, no pet.).

In a legal sufficiency review, we review the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable trier of fact could and disregarding any contrary evidence unless a reasonable trier of fact could not. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In a factual sufficiency review, we weigh all of the evidence and set aside the finding if it is so against the great weight and preponderance of the evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001). We will affirm the judgment on any theory of law supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990).

## III. Analysis

By two issues, Guadalupe generally contends that the evidence is legally and factually insufficient to support the trial court's finding of theft, breach of contract, fraud, and a violation of the DTPA. More specifically, as to the civil theft claim, Guadalupe claims there is no evidence to support a finding of theft. We construe this as a challenge to the

4

trial court's implied finding that Guadalupe unlawfully appropriated property. *See* TEX. CIV. PRAC. & REM. CODE § 134.002 (Vernon 2005) (defining civil theft).

There was evidence that Guadalupe pleaded "no contest" to the criminal charge of theft. In a document admitted into evidence, Guadalupe stipulated under oath that each and every allegation in the indictment charging the offense of theft was true and correct. The trial court heard conflicting evidence as to whether Jesus knew the combination to the safe. Guadalupe testified in trial that she believed Jesus knew the combination, but in her deposition she stated that maybe she just assumed he knew it. San Juanita testified that Jesus did not know the combination and that they had to open the safe with a jigsaw. Guadalupe admitted that she took $5,000 from the safe without San Juanita's permission. This occurred after testifying that she had never opened the safe prior to San Juanita noticing that her money was gone, and after stating that she had never counted the money.

As the sole judge of the credibility of the of the witnesses and the weight to be given to their testimony, the trial court could have believed San Juanita's testimony that Jesus did not know the combination to the safe. *See London v. London*, 192 S.W.3d 6, 14 (Tex. App.–Houston [14th Dist.] 2005, pet. denied). Furthermore, based on the evidence presented, the trial court could have found that Guadalupe unlawfully appropriated San Juanita's money.

Therefore, after reviewing the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable trier of fact could and disregarding any contrary evidence unless a reasonable trier of fact could not, we conclude that the evidence was legally sufficient to support the trial court's implied finding of fact that Guadalupe unlawfully appropriated San Juanita's money. *See City of Keller*, 168 S.W.3d

5

at 827.  Moreover, after weighing all of the evidence, we conclude that the trial court's finding is not so against the great weight and preponderance of the evidence.  *See Dow Chem. Co.*, 46 S.W.3d at 242.  We overrule Guadalupe's first and second issues.  *See Worford*, 801 S.W.2d at 109.

In Guadalupe's sub-issues, she challenges the sufficiency of the evidence supporting San Juanita's remaining causes of action.  However, because we affirm the judgment on the theory of civil theft, we need not address Guadalupe's issues attacking San Juanita's other causes of action.  *See Worford*, 801 S.W.2d at 109 (providing that "[t]he judgment must be affirmed if it can be upheld on any legal theory that finds support in the evidence"); *see also* TEX. R. APP. P. 47.1.

### IV.  Conclusion

We affirm the judgment.

NELDA V. RODRIGUEZ
Justice

Memorandum Opinion delivered and
filed this 22nd day of May, 2008.