Affirmed and Memorandum Opinion filed April 7, 2009








Affirmed and Memorandum Opinion filed April 7, 2009.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00714-CV

____________

 

ANTHONY JOSEPH RICHARD, Appellant

 

V.

 

DOUGLAS DRETKE, ET AL., Appellees

 



 

On Appeal from the 349th
District Court

Houston County, Texas

Trial Court Cause No. 07-0076

 



 

M E M O R A N D U M   O P I N I O N

Appellant Anthony Joseph Richard appeals the trial court=s dismissal of his
claims under Chapter 14 of the Texas Civil Practice and Remedies Code.  We
affirm.

I.  Factual and Procedural Background








Appellant is an inmate in the Texas Department of Criminal
Justice Institutional Division.  On April 7, 2007, appellant filed a pro se, in
forma pauperis lawsuit against numerous individuals alleging violation of 42
U.S.C. section 1983.  Without conducting a hearing, on May 7, 2008, the trial court
dismissed appellant=s claims without prejudice, finding that
the claims were frivolous and malicious and not in compliance with sections
14.004 and 14.005 of the Texas Civil Practice and Remedies Code.  

In two issues, appellant challenges the dismissal of his
claims, alleging that (1) by dismissing his claim under Chapter 14, the trial
court violated the Article 6 Aoath@ to uphold the
United States Constitution; and (2) the trial court denied appellant=s ADue Process@ rights to access
to the courts under the Texas Constitution.

II.  Standard of Review

Because appellant is an inmate, his suit is governed by
Chapter 14 of the Texas Civil Practice and Remedies Code.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon
2002); see Hickman v. Adams, 35 S.W.3d 120, 123 (Tex. App.CHouston [14th
Dist.] 2000, no pet.).  We review a trial court=s dismissal of an
inmate=s claims under
Chapter 14 of the Texas Civil Practice and Remedies Code under an
abuse-of-discretion standard.  Retzlaff v. Tex. Dep=t of Criminal
Justice, 94 S.W.3d 650, 654 (Tex. App.CHouston [14th
Dist.] 2002, pet. denied).  A trial court has broad discretion to dismiss an
inmate=s suit if it finds
that the claim asserted is frivolous or malicious.  See Martinez v. Thaler,
931 S.W.2d 45, 46 (Tex. App.CHouston [14th Dist.] 1996, writ denied). 
A trial court abuses this broad discretion if it acts arbitrarily,
capriciously, or without reference to any guiding rules or principles.  See
id. 

 

 

 

 

 








III.  Analysis

A.      Did the trial court abuse
its discretion in dismissing appellant=s claims under Chapter 14 of the
Texas Civil Practice and Remedies Code?

1.       Section 14.004

Appellant complains the dismissal of his claim was
improper.  Section 14.003[1]
of the Texas Civil Practice and Remedies Code provides that a trial court may
dismiss a claim if the court finds that the suit is frivolous or malicious.  See
Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(a)(2)
(Vernon 2002).  In determining whether a suit is frivolous or malicious, the
court may consider, among other things, whether the claim is substantially
similar to a previous claim filed by the inmate because the claim arises from
the same operative facts.  See id. ' 14.003(b)(4).  To
enable the trial court to determine whether a claim arises from the same
operative facts as a previous claim, the legislature enacted section 14.004.  Hickman,
35 S.W.3d at 124; see Tex.
Civ. Prac. & Rem. Code Ann. ' 14.004 (Vernon
2002).

Section 14.004, entitled AAffidavit Relating
to Previous Filings,@ requires an inmate who files an affidavit
or unsworn declaration of inability to pay costs to file a separate affidavit
or declaration setting out the following information:

(1)     identifying each suit, other than a suit
under the Family Code, previously brought by the person and in which the person
was not represented by an attorney, without regard to whether the person was an
inmate at the time the suit was brought; and

(2)     describing each suit that was previously
brought by:

(A)     stating the operative facts for which relief
was sought;

(B)     listing the case name, cause number, and the
court in which the suit was brought;

(C)     identifying each party named in the suit;
and








(D)     stating
the result of the suit, including whether the suit was dismissed as frivolous
or malicious under Section 13.001 or Section 14.003 or otherwise.

Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a). 

The record contains no affidavits or unsworn declarations
in compliance with section 14.004.  Appellant filed a declaration listing
previous lawsuits filed, but failed to set forth in sufficient detail the
operative facts upon which relief was sought in each suit.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.004(a)(2)(A)
(requiring description of operative facts of previous litigation).  Moreover,
in his declaration appellant does not identify the parties named in the
previous suits.  See id. ' 14.004(a)(2)(C). 
Without a more detailed description of the operative facts surrounding each of
appellant=s previous lawsuits and identifying those parties
involved, the trial court was in no position to evaluate whether appellant=s current claim
was substantially similar to his previous claims.  See Bell v. Tex. Dep=t of Criminal
Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex. App.CHouston [14th
Dist.] 1998, pet. denied).  When, as in this case, an inmate files an affidavit
or declaration that fails to comply with the requirements of section 14.004,
the trial court is entitled to presume that the suit is substantially similar
to one previously filed by the inmate, and therefore, frivolous.  Bell,
962 S.W.2d at 158.  Accordingly, the trial court may dismiss an indigent inmate=s suit as
frivolous or malicious without holding a hearing when an inmate fails to comply
with the statutory requirements of section 14.004.  See Gowan v. Tex. Dep=t of Criminal
Justice, 99 S.W.3d 319, 321 (Tex. App.CTexarkana 2003, no
pet.).  For this reason, the trial court did not err in dismissing appellant=s suit without a
hearing.

2.       Section 14.005








The trial court also found that appellant failed to file
his Aclaims before the
31st day after receiving a written decision from the grievance system as
required under section 14.005.@  Appellant indicates he properly
complied, although he does not explain how he did so, and he complains that he Acannot control
when unit indigent officials or county clerk[s] apply by their duties.@[2]

Section 14.005(b) provides that A[a] court shall
dismiss a claim if the inmate failed to file the claim before the 31st day
after the date the inmate receives the written decision from the grievance
system.@  Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(b) (Vernon
2002).  To enable the trial court to determine whether the inmate=s suit was filed
within the period prescribed by section 14.005(b), the inmate must file (1) an
affidavit or unsworn declaration stating the date the grievance was filed and
the date the inmate received the written decision, and (2) a copy of the
written decision from the grievance system.  See id. ' 14.005(a); Moore
v. Zeller, 153 S.W.3d 262, 264 (Tex. App.CBeaumont 2004,
pet. denied).  The record reflects that appellant filed the suit on April 2,
2007, and on the same date, appellant filed with the trial court numerous
inmate AStep 1" and AStep 2"
grievance forms showing that an administrative body had denied his grievances
in writing.  Some of the forms indicate the date on which appellant received
the written decision, but others do not.  None of the forms indicates appellant=s receipt of the
written decisions within the thirty-one days preceding the date appellant filed
suit.  Therefore, it is not clear from the face of the grievance forms that
appellant acted within the thirty-one day period.  See Francis v. TDCJ-CID,
188 S.W.3d 799, 804B05 (Tex. App.CFort Worth 2006,
no pet.). 








On May 7, 2008, appellant filed a declaration, entitled AAdministrative
Remedy Grievance Declaration Pursuant to ' 14.005,@ but the
declaration does not include the specific dates that appellant received the
written decisions from the grievance system, and it does not state that
appellant received a written decision.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(a); Moore,
153 S.W.3d at 264; see also Kelley v. Scott, No. 14-01-00696-CV, 2003 WL
21229275, at *3 (Tex. App.CHouston [14th Dist.] May 29, 2003, no
pet.) (mem. op.).  Therefore, appellant has not substantially complied with the
requirements of section 14.005.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.005(a); Moore,
153 S.W.3d at 264. 

Although it is arguable that circumstances may arise in which
an inmate is prevented from acting within the thirty-one day period, the record
does not indicate that such circumstances were present in this case.  See
Randle v. Wilson, 26 S.W.3d 513, 516 (Tex. App.CAmarillo 2000, no
pet.).  Moreover, nothing in the record indicates that the State or
conditions of appellant=s confinement prevented appellant from
complying with section 14.005.  See id. Because appellant did not comply
with the requirements of section 14.005, the trial court was obligated to
dismiss the suit.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 14.005(b); Randle,
26 S.W.3d at 516.  Thus, the trial court did not abuse its discretion in entering
the order of dismissal.

B.      Did the trial court=s application of Chapter 14 to appellant=s suit violate the United States
Constitution or the Texas Constitution?

1. United States
Constitution

Appellant contends that in making its Chapter 14 ruling the
trial court violated the Aoath@ of Article 6 of
the United States Constitution to uphold the constitution, namely the Supremacy
Clause and the First Amendment, because the trial court applied the procedural
provisions of Chapter 14 instead of constitutional law in dismissing appellant=s claims under 42
U.S.C. section 1983.

Under
the Supremacy Clause, a state law is without effect if it conflicts with
federal law.  Thomas v. Wichita Gen. Hosp., 952 S.W.2d 936, 939B40 (Tex. App.CFort Worth 1997, pet. denied).  States may apply neutral procedural
rules, such as sections 14.004 and 14.005, to federal claims to discourage
frivolous litigation as long as the rules are not pre-empted by federal law.  See
Thomas v. Bush, 23 S.W.3d 215, 217B18 (Tex. App.CBeaumont 2000, pet. denied); Wichita
Gen. Hosp., 952 S.W.2d at 939B40. 








Claims under 42 U.S.C. section 1983, such as those alleged
by appellant, are subject to federal provisions, including a bar on frivolous
lawsuits and a requirement to exhaust remedies.  Bush, 23 S.W.3d at 218 (citing 28 U.S.C. ' 1915(g) (West Supp. 2000) and 42
U.S.C. ' 1997e(a) (West Supp. 2000)).  Because federal
law imposes substantially similar requirements on inmates who file suits in
forma pauperis, sections 14.004 and 14.005 do not conflict with the Supremacy Clause. 
See id.; see also Wichita Gen. Hosp., 952 S.W.2d at 940.  The
trial court=s application of Chapter 14 neither conflicts with
federal law nor affects an inmate=s right to file a
federal claim in Texas courts.  See Wichita Gen. Hosp., 952 S.W.2d at
940.  Rather, sections 14.004 and 14.005 impose neutral procedural requirements
on pro se indigent inmates who file civil claims in state court; the purpose of
the statutory provisions is to enable the trial court to discern whether the
claims are frivolous.  Bush, 23
S.W.3d 215, 217B18; Wichita Gen. Hosp., 952 S.W.2d at 940.  Therefore, sections 14.004 and 14.005 do
not violate the Supremacy Clause.  See Bush, 23 S.W.3d at 218; Wichita Gen. Hosp., 952 S.W.2d at 940. 

As for appellant=s claim that the
trial court=s application of Chapter 14 violates his First
Amendment rights to redress grievances, the procedural requirements of Chapter
14 do not restrict an inmate=s right to file suit and the provisions do
not authorize the court to refuse to hear meritorious claims.  Wichita Gen.
Hosp., 952 S.W.2d at 940.  Rather, these procedural requirements
assist a trial court in determining whether an inmate=s suit is
frivolous and compel a litigant to act so that a court may timely address
legitimate claims.  Id.; see Randle, 26 S.W.3d at 516.  Therefore,
application of these statutory provisions do not violate the First Amendment of
the United States Constitution.  Wichita Gen. Hosp., 952 S.W.2d at 940.
 Accordingly, appellant=s argument that the trial court did not
uphold its oath in applying Chapter 14 is without merit.[3]








2. Texas Constitution

Appellant claims that the trial court denied him rights
guaranteed under the ADue Process@[4] and Open Courts
provisions of the Texas Constitution by dismissing his claims under Chapter
14.  As part of this argument, appellant complains that the trial court did not
hold an evidentiary hearing on the merits of his lawsuit despite his request,
although he admits the appellate record does not indicate whether his request
for the hearing was received or filed with the trial court.[5]









We presume that Chapter 14 is constitutional.  See
Edgewood Indep. Sch. Dist. v. Meno, 917 S.W.2d 717, 725 (Tex. 1995); see
also Kelley, 2003 WL 21229275, at *4.  To establish violation of the Open
Courts Clause, a party must establish (1) that the party has a cognizable
common law cause of action that is being restricted, and (2) the restriction is
unreasonable or arbitrary when balanced against the purpose and basis of the
statute.  Bush, 23 S.W.3d at 218 (reviewing
whether sections 14.004 and 14.005 violate the Open Courts provision); see
also Spellmon v. Sweeney, 819 S.W.2d 206, 210 (Tex. App.CWaco 1991, no
writ) (providing that a law is unconstitutional and violates due process Awhen it is
arbitrary or unreasonable,@ which occurs when the Asocial necessity@ the law is
intended to serve is not a Asufficient justification of the
restriction of the liberty or rights involved@) (holding that
dismissal of grievances under section 13.001 of the Texas Civil Practice and
Remedies Code did not violate Due Course of Law provision).  The litigant has
the burden of establishing that the limitation was unreasonable.  See Randle,
26 S.W.3d at 515; see also Kelley, 2003 WL 21229275, at *4B5 (placing burden
on the appellant to show section 14.005 was unconstitutional as violating Due
Course of Law and Open Courts provisions of Texas Constitution). 








Appellant filed a statutory claim under 42 U.S.C. section
1983, and argues only that he could not comply with Chapter 14.  Sections
14.004 and 14.005 impose procedural requirements on pro se indigent inmates to
enable the trial court to discern whether a claim is frivolous, thereby curbing
Aconstant, often
duplicative, inmate litigation,@ or to compel a litigant to take action to
enable a trial court to timely and efficiently address legitimate claims.  See
Bush, 23 S.W.3d at 218; Randle,
26 S.W.3d at 516.  Appellant has made no effort to establish that these
procedural limitations were unreasonable.  See Randle, 26 S.W.3d at 515;
see also Kelley, 2003 WL 21229275, at *4.  Appellant=s claims that he
could not adhere to the requirements of sections 14.004 and 14.005 do not
defeat the reasonableness of these provisions in light of their purposes, nor
is the trial court=s application of Chapter 14 unreasonable
in light of these provisions= purposes in this case.  See Bush, 23 S.W.3d at 218; Randle,
26 S.W.3d at 516 (determining that appellant has not demonstrated that time
restrictions on filing claims were unreasonable).  Therefore, we reject
appellant=s argument that Chapter 14 is unreasonable and
violates the Due Course of Law and Open Courts provisions of the Texas
Constitution.  See Sanders v. Palunsky, 36 S.W.3d 222, 227 (Tex. App.CHouston [14th
Dist.] 2001, no pet.); Randle, 26 S.W.3d at 515B16; see also
Kelley, 2003 WL 21229275, at*4.

IV.  Conclusion

The trial court=s application of
Chapter 14 to appellant=s claims did not violate either the United
States or Texas Constitutions.  See Bush, 23 S.W.3d at 218; Randle,
26 S.W.3d at 515B16.  Furthermore, the trial court did not
abuse its discretion when it dismissed appellant=s suit under
Chapter 14.  See Randle, 26 S.W.3d at 515B16; Bell,
962 S.W.2d at 158.  Therefore, we overrule appellant=s two issues on
appeal.

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

 

/s/      Kem Thompson
Frost

Justice

 

Panel consists of
Justices Frost, Brown, and Boyce.









[1]  Unless otherwise stated, all references in this
opinion to a section are to the corresponding section of the Texas Civil
Practice and Remedies Code.





[2]  We presume this argument refers to appellant=s complaint that he filed a motion for an evidentiary
hearing, although this motion, as indicated by appellant in his appellate
brief, is not reflected in the record.





[3]  As for appellant=s
arguments that the trial court violated the Code of Judicial Conduct Canon
4(D)(2) or that Acounsel/clerk@
did not comply with Rule 303 of the State Bar Rules, appellant has not provided
analysis or citations to the record or legal authorities for these arguments. 
Therefore, appellant has waived these complaints.  See Tex. R. App. P. 38.1(h); San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14 Dist.] 2005, no pet.)
(holding that, even though courts interpret briefing requirements reasonably
and liberally, parties asserting error on appeal still must put forth some
specific argument and analysis citing the record and authorities in support of
the parties= argument).  

Similarly, appellant refers to Aproperty rights@ as
a vested right and that a Acourt cannot
use a procedural state law to take appellant=s
property without a [sic] adequate compensation guaranteed by the Texas Bill of
Right[s].@  He cites the following cases:  Logan v. Zimmerman
Brush, Co., 455 U.S. 422, 429, 102 S. Ct. 1148, 1154, 71 L. Ed. 2d 265
(1982) (involving employee rights under the Fair Employment Practices Act);
Subaru of Am., Inc. v. David McDavid Nissan, Inc., 84 S.W.3d 212, 219 (Tex.
2002) (involving, among other things, jurisdiction and exhaustion of remedies
under the Deceptive Trade Practices Act); Gutierrez v. Elizondo, 139
S.W.3d 768 (Tex. App.CCorpus Christi 2004, no pet.) (involving, among other
things, nunc pro tunc judgment and sufficiency of the evidence); Cozby v.
City of Waco, 110 S.W.3d 32 (Tex. App.CWaco
2002, no pet.) (involving a plea to the jurisdiction and summary judgment). 
However, the legal authority cited by appellant is not on point for the issues
presented, and appellant has not demonstrated how any property rights were
affected by the dismissal of his claims.





[4]  The Supreme Court of Texas has stated that the
language of the Due Course of Law Clause of the Texas Constitution and the Due
Process Clause of the United States Constitution is Anearly identical@
and that there is no meaningful distinction between Adue course@
and Adue process.@  See
Univ. of Tex. Med. Sch. v. Than, 901 S.W.2d 926, 929 (Tex. 1995).





[5]  The record does not reflect whether the trial court
ruled on any such request.  When the record contains no such motion and no
record of the trial court=s ruling on the motion, a reviewing court presumes
that the record supports the judgment.  See Thomas v. Bilby, 40 S.W.3d
166, 168B69 (Tex. App.CTexarkana
2001, no pet.) (citing Conely v. Peck, 929 S.W.2d 630, 633 (Tex. App.CAustin 1996, no writ)).  Assuming arguendo that the
trial court received appellant=s motion, a
trial court is not required to hold a hearing before dismissing a suit as
frivolous under section 14.003(a), when the party failed to file documents in
compliance with section 14.004.  Id. at 168; see Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(c) (Vernon 2002).