Richard James **RANDLE**, Appellant,

v.

D. **WILSON**, et al., Appellee.

No. 07–99–0502–CV.

Court of Appeals of Texas,
Amarillo.

July 5, 2000.

Richard James Randle, Amarillo, pro se.

Gerard R. Rawls, Asst. Atty. Gen., Austin, for appellee.

Before QUINN and REAVIS and JOHNSON, JJ.

BRIAN QUINN, Justice.

Richard James Randle (Randle), an inmate of the Texas Department of Criminal Justice Institutional Division (TDCJ), appeals from a final order dismissing his suit against D. Wilson, et al. Through two points he contends that the trial court erred because 1) his suit was timely and 2) requiring him to comply with section 14.005 *et seq.* of the Texas Civil Practice

and Remedies Code would deny him his constitutional right to access the courts. We affirm.

## Background

Randle attempted to sue D. Wilson, a TDCJ employee, for the loss of various items of property. The complaint had originally been the subject of a grievance tendered to the TDCJ. After the TDCJ rejected it and Randle's administrative remedies were exhausted, he filed suit. Thereafter, Wilson joined issue and moved to dismiss the proceeding because it was untimely. The trial court granted the motion and dismissed the suit.

## Issue One

Randle posits that his suit was timely initiated. We disagree and overrule the proposition.

Statute provides a deadline by which inmates must file lawsuits that involve complaints that have been the subject of internal administrative review. That statute requires the action to be filed within 31 days of the date upon which the complainant received written notice from the pertinent administrative body revealing that the complaint has been rejected. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(b) (Vernon Supp.2000). Should the complainant fail to comply, then the same statute obligates the trial court to dismiss the suit. *Id.*

At bar, Randle admitted via attachments to his "Original Complaint" that he received notice of the written decision here in question on June 18, 1999. Yet, the record reveals that he did not file his Original Complaint until September 10, 1999. Given that September 10 fell more than 31 days after June 18, the trial court

had no choice but to dismiss the suit. TEX. CIV. PRAC. & REM.CODE ANN. § 14.005(b). To the extent that Randle argues that he previously attempted to file the suit within the allotted 31 days, we find no evidence of record supporting the contention.[1] Nor do any of his issues on appeal involve complaint about allegedly being denied opportunity to present evidence in support of his contention.

## Issue Two

Next, Randle contends that his having to comply with section 14.005 denied him his constitutional right to access the courts. We disagree and overrule the proposition.

The precise contours of the right to access the courts remain unclear. Yet, the United States Supreme Court has not construed it to encompass more than the ability to prepare and transmit necessary legal documents to a court. *Eason v. Thaler,* 73 F.3d 1322, 1328 (5th Cir.1996), *quoting, Brewer v. Wilkinson,* 3 F.3d 816 (5th Cir.1993), *cert. denied,* 510 U.S. 1123, 114 S.Ct. 1081, 127 L.Ed.2d 397 (1994); *Hicks v. Brysch,* 989 F.Supp. 797, 820–21 (W.D.Tex.1997). And, assuming *arguendo* that these parameters encompass time limitations within which a particular suit must be initiated, it nevertheless remains incumbent upon the complainant to establish that the limitation is unreasonable. *Thomas v. Brown,* 927 S.W.2d 122, 126 (Tex. App.—Houston [14th Dist.]1996, writ denied). Here, Randle made no effort to do so aside from merely concluding that the time limitation was unreasonable. Nor can we opine that it is unreasonable, given the record before us.

1. A letter from Randle appears of record that suggests that Randle had previously attempted to file suit. Yet, it does not disclose the date upon which that effort was undertaken. And, while several other documents were attached to appellant's brief which purportedly indicate that the district clerk received and returned a petition from Randle during the latter part of June 1999, those items are not cognizable since they appear nowhere in the formal appellate record. Furthermore, attaching them to the brief did not make them competent evidence susceptible to consideration on appeal. *Till v. Thomas,* 10 S.W.3d 730, 733–34 (Tex.App.—Houston [1st Dist.] 1999, no pet.); *Perry v. Kroger Stores, Store No. 119,* 741 S.W.2d 533, 534 (Tex.App.— Dallas 1987, no writ).

Additionally, a state may require inmates to comply with rules that make the trial process possible or that facilitate the functioning of our system of justice. *Hodge v. Prince*, 730 F.Supp. 747, 751 (N.D.Tex.1990), *aff'd* 923 F.2d 853 (5th Cir.1991). A limitation period, such as the 31 day period at bar, is akin to such a rule. It exists not only to compel litigants to action, but also provides our judicial system an opportunity to timely and efficiently address legitimate claims and injuries, thus, it serves a reasonable purpose. Moreover, it is not unreasonable to expect inmates to comply with it. For a prisoner who has already pursued a grievance through administrative channels and has exhausted his administrative remedies, 31 days to convert that grievance into a lawsuit is ample time to act. This is not a circumstance wherein the inmate merely has 31 days to discover the claim and then initiate suit upon it; he already knows of it.

While it is arguable that circumstances may arise that prevent an inmate from acting within the 31–day period, nothing of record illustrates that such circumstances were present here. In short, nothing other than Randle's ignorance of Section 14.005 (as admitted in his response to the motion to dismiss) kept him from complying with the statute. Moreover, nothing indicates that the State or the conditions of his confinement somehow prevented him from discovering and complying with that statute.[2]

Accordingly, we affirm the final order of dismissal entered below.

---

**2.** Nor did the right to access court obligate either the State or the prison system to educate Randle about section 14.005. *Hicks v. Brysch*, 989 F.Supp. 797, 823 (W.D.Tex.1997) (holding that the constitutional right did not encompass the right to compel court clerks to furnish an inmate with free legal advice about the proper manner for complying with procedural rules). While a state may be compelled to provide inmates avenues by which those inmates may sue the state, a state does not have to teach them how to sue the state.