HORRICE V. FONDREN ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-063-CV

ARTHUR HORRICE APPELLANT

V.

D.F. FONDREN, JAMES MOONEYHAM, APPELLEES

VIKKI WRIGHT, CHERYL BERGER AND 

LATRICE PHILPOTT

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Arthur Horrice, a pro se prison inmate, appeals from the trial court’s order dismissing his case against Appellees under chapter 14 of the Texas Civil Practice and Remedies Code.  We affirm.

Background

Appellant is incarcerated in the Texas Department of Criminal Justice-Institutional Division.  On December 29, 2003, Appellant sued five defendants, alleging that they denied him “safekeeping housing” in violation of his constitutional right to equal protection.  He filed an affidavit of inability to pay costs along with his petition.  Appellant had previously submitted the same complaint to the prison grievance system.  His step-one grievance was denied on August 25, 2003, and his step-two grievance was denied on September 19, 2003.  Appellant averred that he received the step-two denial on October 3, 2003. 

Appellees filed a motion to dismiss Appellant’s petition, arguing that Appellant’s claims were untimely because he failed to file them within thirty-one days after he received the written decision from the grievance system as required by section 14.005(b) of the civil practice and remedies code.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.005(b) (Vernon 2002).  Appellant filed a response to the motion, arguing that the thirty-one-day deadline should be tolled because prison employees had confiscated Appellant’s legal papers from another inmate who was helping Appellant prepare his lawsuit.  Appellant filed unsworn statements from two other inmates to support his argument.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 §
 132.001 (Vernon 2005).

Without conducting a hearing, the trial court found that Appellant failed to meet the requirements of section 14.005 and dismissed Appellant’s claims with prejudice on October 29, 2004.  Appellant now contends that the trial court abused its discretion by dismissing his claims.

Discussion
 

Chapter 14 of the civil practice and remedies code applies to a suit brought by an inmate when the inmate files an affidavit or unsworn declaration of inability to pay costs.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.002(a) (Vernon 2002).  Accordingly, when Appellant filed such an affidavit in conjunction with this suit, he was required to comply with all the requirements of chapter 14. 

We review a trial court’s dismissal of an inmate’s claim under chapter 14 under an abuse of discretion standard.  
Bishop v. Lawson
, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).  A court abuses its discretion if it acts without reference to guiding rules or principles.  
Id.; see Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

Section 14.005(b) of the civil practice and remedies code provides:

A court shall dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system.

Tex. Civ. Prac. & Rem. Code Ann.
 §
 14.005(b).  A pro se inmate’s civil petition that is placed in a properly addressed and stamped envelope is deemed filed at the time the prison authorities receive the document for mailing
.  
Warner v. Glass
, 135 S.W.3d 681, 682 (Tex. 2004).  A suit that is not timely filed under section 14.005(b) is barred and may be dismissed with prejudice.  
Moreland v. Johnson,
 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (holding that trial court did not abuse its discretion by dismissing inmate litigation filed more than thirty-one days after grievance decision).

Appellant first argues that the trial court abused its discretion by failing to conduct a hearing on Appellees’ motion to dismiss.  Nothing in section 14.005 requires the trial court to conduct such a hearing, and Appellant cites no authority to support his argument.  We therefore hold that the trial court did not abuse its discretion when it decided Appellees’ motion without a hearing. 

Appellant next argues that the trial court abused its discretion by dismissing his claims.  The record shows that Appellant received notice of the denial of his step-two grievance on October 3, 2003.  The thirty-first day after October 3—and the deadline to file his claim—was November 3, 2003.  Although Appellant wrote the date October 31, 2003 on his petition, the petition was not file-marked until December 29, long after the thirty-one day deadline.

Appellant’s argument to the trial court that the deadline should be tolled because prison personnel confiscated his papers is irrelevant because Appellant alleges that the confiscation occurred in July 2004—months after he filed suit.

For the first time on appeal, Appellant alleges that he was prevented from timely filing suit because on the thirtieth day after the grievance decision an inexperienced prison employee could not figure out the indigent-prisoner mail system and told him “to come back as this was her first day.”  We are mindful that a party who is incarcerated does not have direct access to either the clerk’s office or a United States mailbox for first-class mail and, thus, as 
Warner
 instructs, a pro se inmate’s petition that is placed in a properly addressed and stamped envelope is deemed filed at the time the prison authorities receive the document for mailing.  
Warner,
 135 S.W.3d 
at 682. Here, the record does not contain a copy of the envelope, if any, containing Appellant’s petition.  While Appellant wrote the date October 31, 2003 on his trial-court petition and related documents, he offered no evidence tending to show that a prison employee prevented him from mailing the petition in a timely manner.  
See Randle v. Wilson
, 26 S.W.3d 513, 515 (Tex. App.—Amarillo 2000, no pet.) (rejecting similar argument for lack of evidentiary basis in record).  Nor did Appellant raise this issue in the trial court.  The focus of his response to the motion to dismiss was the alleged confiscation of his legal documents by prison officials.

Because the record contains no evidence that Appellant’s petition was timely received by the proper prison authority, we 
hold that the trial court did not abuse its discretion by dismissing Appellant’s claims with prejudice.  We overrule Appellant’s sole issue.

Conclusion

Having overruled Appellant’s sole issue, we affirm the judgment of the trial court.  
See 
Tex. R. App. P.
 
43.2(a).

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  February 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.