COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-05-063-CV

 

 

ARTHUR HORRICE                                                               APPELLANT

 

                                                   V.

 

D.F. FONDREN, JAMES MOONEYHAM,                                    APPELLEES

VIKKI
WRIGHT, CHERYL BERGER AND 

LATRICE
PHILPOTT

 

                                              ------------

 

             FROM
THE 78TH DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Arthur Horrice, a pro se prison inmate, appeals
from the trial court=s order dismissing his case against
Appellees under chapter 14 of the Texas Civil Practice and Remedies Code.  We affirm.

                                                  Background








Appellant is incarcerated in the Texas Department of
Criminal Justice-Institutional Division. 
On December 29, 2003, Appellant sued five defendants, alleging that they
denied him Asafekeeping housing@ in violation of
his constitutional right to equal protection. 
He filed an affidavit of inability to pay costs along with his
petition.  Appellant had previously
submitted the same complaint to the prison grievance system.  His step-one grievance was denied on August
25, 2003, and his step-two grievance was denied on September 19, 2003.  Appellant averred that he received the
step-two denial on October 3, 2003. 

Appellees filed a motion to dismiss Appellant=s petition,
arguing that Appellant=s claims were untimely because he failed
to file them within thirty-one days after he received the written decision from
the grievance system as required by section 14.005(b) of the civil practice and
remedies code.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.005(b) (Vernon
2002).  Appellant filed a response to the
motion, arguing that the thirty-one-day deadline should be tolled because
prison employees had confiscated Appellant=s legal papers
from another inmate who was helping Appellant prepare his lawsuit.  Appellant filed unsworn statements from two
other inmates to support his argument.  See
Tex. Civ. Prac. &
Rem. Code Ann. ' 132.001 (Vernon
2005).








Without conducting a hearing, the trial court found that
Appellant failed to meet the requirements of section 14.005 and dismissed
Appellant=s claims with prejudice on October 29,
2004.  Appellant now contends that the
trial court abused its discretion by dismissing his claims.

                                                    Discussion 

Chapter 14 of the civil practice and remedies code applies
to a suit brought by an inmate when the inmate files an affidavit or unsworn
declaration of inability to pay costs.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.002(a) (Vernon
2002).  Accordingly, when Appellant filed
such an affidavit in conjunction with this suit, he was required to comply with
all the requirements of chapter 14. 

We review a trial court=s dismissal of an
inmate=s claim under
chapter 14 under an abuse of discretion standard.  Bishop v. Lawson, 131 S.W.3d 571, 574
(Tex. App.CFort Worth 2004, pet. denied).  A court abuses its discretion if it acts
without reference to guiding rules or principles.  Id.; see Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241‑42 (Tex. 1985), cert. denied, 476
U.S. 1159 (1986).

Section 14.005(b) of the civil practice and remedies code
provides:

A court shall dismiss a claim if
the inmate fails to file the claim before the 31st day after the date the
inmate receives the written decision from the grievance system.

 








Tex. Civ. Prac. &
Rem. Code Ann. ' 14.005(b).  A pro se inmate=s civil petition
that is placed in a properly addressed and stamped envelope is deemed filed at
the time the prison authorities receive the document for mailing.  Warner v. Glass, 135 S.W.3d 681, 682
(Tex. 2004).  A suit that is not timely
filed under section 14.005(b) is barred and may be dismissed with
prejudice.  Moreland v. Johnson,
95 S.W.3d 392, 395 (Tex. App.CHouston [1st
Dist.] 2002, no pet.) (holding that trial court did not abuse its discretion by
dismissing inmate litigation filed more than thirty-one days after grievance
decision).

Appellant first argues that the trial court abused its
discretion by failing to conduct a hearing on Appellees= motion to
dismiss.  Nothing in section 14.005
requires the trial court to conduct such a hearing, and Appellant cites no
authority to support his argument.  We
therefore hold that the trial court did not abuse its discretion when it
decided Appellees= motion without a hearing. 

Appellant next argues that the trial court abused its
discretion by dismissing his claims.  The
record shows that Appellant received notice of the denial of his step-two
grievance on October 3, 2003.  The
thirty-first day after October 3Cand the deadline
to file his claimCwas November 3, 2003.  Although Appellant wrote the date October 31,
2003 on his petition, the petition was not file-marked until December 29, long
after the thirty-one day deadline.








Appellant=s argument to the
trial court that the deadline should be tolled because prison personnel
confiscated his papers is irrelevant because Appellant alleges that the
confiscation occurred in July 2004Cmonths after he
filed suit.








For the first time on appeal, Appellant alleges that he was
prevented from timely filing suit because on the thirtieth day after the
grievance decision an inexperienced prison employee could not figure out the
indigent-prisoner mail system and told him Ato come back as
this was her first day.@  We
are mindful that a party who is incarcerated does not have direct access to
either the clerk=s office or a United States mailbox for
first-class mail and, thus, as Warner instructs, a pro se inmate=s petition that is
placed in a properly addressed and stamped envelope is deemed filed at the time
the prison authorities receive the document for mailing.  Warner, 135 S.W.3d at 682. Here, the
record does not contain a copy of the envelope, if any, containing Appellant=s petition.  While Appellant wrote the date October 31,
2003 on his trial-court petition and related documents, he offered no evidence
tending to show that a prison employee prevented him from mailing the petition
in a timely manner.  See Randle v.
Wilson, 26 S.W.3d 513, 515 (Tex. App.CAmarillo 2000, no
pet.) (rejecting similar argument for lack of evidentiary basis in
record).  Nor did Appellant raise this
issue in the trial court.  The focus of
his response to the motion to dismiss was the alleged confiscation of his legal
documents by prison officials.

Because the record contains no evidence that Appellant=s petition was
timely received by the proper prison authority, we hold that the trial court
did not abuse its discretion by dismissing Appellant=s claims with
prejudice.  We overrule Appellant=s sole issue.

                                                      Conclusion

Having overruled Appellant=s sole issue, we
affirm the judgment of the trial court.  See
Tex. R. App. P. 43.2(a).

PER CURIAM

 

PANEL F:    GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:  February 23, 2006

 











[1]See Tex. R. App. P. 47.4.