MEMORANDUM OPINION

No. 04- 05-00876-CV


Richard PAYNE,

Appellant

v.

Doug DRETKE,

Appellee

From the 81st Judicial District Court, Karnes County, Texas 

Trial Court No. 05-03-00038-CVK

Honorable Ron Carr , Judge Presiding


Opinion by: Sandee Bryan Marion , Justice

 

Sitting: Alma L. López , Chief Justice

 Sandee Bryan Marion, Justice

 Rebecca Simmons, Justice

Delivered and Filed: April 12, 2006


AFFIRMED



 This is an appeal from a dismissal in favor of appellee, Doug Dretke, who is the director of the Texas Department of
Criminal Justice-Institutional Division ("the TDCJ"). We affirm.

PROCEDURAL BACKGROUND

 On July 15, 2004, appellant, Richard Payne, who is a TDCJ inmate, was denied relief in the final stage of the prison's
internal grievance process. Following the exhaustion of his administrative remedies, Payne filed suit in Karnes County
District Court on August 11, 2004. However, he later filed a motion withdrawing the suit on August 31, 2004. On March
10, 2005, Payne filed a new suit with the Karnes County District Court. Dretke moved for dismissal based in part on
Payne's failure to file suit within thirty-one days of receipt of the written decision from the grievance system as mandated by
Texas Civil Practice and Remedies Code section 14.005(b). The trial court dismissed the suit with prejudice, and this appeal
ensued.

STATUTORY PROVISIONS FOR INMATE GRIEVANCES

 In a single issue on appeal, Payne asserts the trial court failed to correctly interpret section 14.005(b) in granting Dretke's
motion to dismiss because the court should have considered his lawsuit as filed on August 11, 2004, and not March 10,
2005. We disagree.

 An inmate may not file a claim in state court regarding a claim for which there exists an exclusive administrative remedy
until he has received a final written decision issued by the highest authority provided for in the grievance system or after the
180th day after the grievance is filed. Tex. Gov't Ann. § 501.008(d) (Vernon 2004). Payne received the written decision of
the TDCJ's internal grievance system on July 15, 2004. Payne filed an original petition in the Karnes County District Court
on August 11, 2004, however, he later withdrew the petition on August 31, 2004. 

 Payne filed a new petition on March 10, 2005, in a new cause number, some eight months after the date he received the
written decision from the grievance system. Section 14.005 provides that "[a] court shall dismiss a claim if the inmate fails
to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." Tex.
Civ. Prac. & Rem. Code Ann. § 14.005(b) (Vernon 2002). Payne argues he should be allowed to proceed based upon his
original filing date of August 11, 2004. We disagree. Inmates must comply with rules that make the trial process possible
or that facilitate the functioning of our system of justice. Randle v. Wilson, 26 S.W.3d 513, 516 (Tex. App.--Amarillo 2000,
no pet.). A limitation period, such as that contained in section 14.005(b), is such a rule. Id. For an inmate who has already
pursued a grievance through administrative channels and has exhausted his administrative remedies, thirty-one days to
convert that grievance into a lawsuit is ample time to act. Id. Regardless of Payne's reasons for withdrawing his lawsuit on
August 31, 2004 and his subsequent delay in re-filing on March 10, 2005, Payne did not file his pending lawsuit until the
thirty-one day period had elapsed; therefore, dismissal under section 14.005(b) was mandatory.

CONCLUSION

 For the above-stated reasons, we conclude the trial court did not abuse its discretion in dismissing Payne's lawsuit. We
overrule Payne's issue on appeal and affirm the trial court's judgment.

 Sandee Bryan Marion, Justice