COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-06-348-CV

 

 

WOODROW WILSON WILLIAMS,                                            APPELLANT

TDCJ NO. 672377

 

                                                   V.

 

WARDEN J. MOONEYHAM, ET AL.                                         APPELLEES

 

                                              ------------

 

          FROM COUNTY
COURT AT LAW NO. 1 OF WICHITA COUNTY

 

                                              ------------

 

                   MEMORANDUM OPINION ON
REHEARING[1]

 

                                              ------------

After considering our prior opinion on appellant
Woodrow Wilson Williams=s motion for reconsideration, we
deny the motion, but we withdraw our opinion and judgment November 1, 2007, and
substitute the following.








I.  Introduction

Appellant Woodrow Wilson
Williams, appearing pro se, asserts that the trial court abused its discretion
by dismissing with prejudice his lawsuit against four corrections officers,
thus denying him an opportunity to amend his pleadings to comply with chapter
14 of the Texas Civil Practice and Remedies Code.  Because we hold that Williams=s
failure to file his lawsuit by the statutory deadline could not have been
remedied by amended pleadings, we affirm.

II. Background

Williams is an inmate currently confined in the
Texas Department of Criminal JusticeCCorrectional
Institutions Division.  On October 13,
2005, Williams sued the four appelleesCcorrections
officers James Mooneyham, Oscar E. Paul, Stanley McMillar, and Sean PalmerCin their
individual capacities, contending that he had been attacked by a fellow inmate
nearly two years earlier, on October 14, 2003. 
Williams alleged that Appellees acted with gross negligence and
deliberate indifference in failing to protect him from this attack despite
their knowledge of a prior attack perpetrated on him by the same inmate.  Williams filed along with his petition an AApplication
To Proceed In Forma Pauperis,@ in
which he requested to proceed Awithout
being required to prepay fees, cost or give security thereof.@ 








Appellees moved to dismiss Williams=s
lawsuit, arguing that Williams had failed to fulfill the procedural
requirements of chapter 14 of the Texas Civil Practice and Remedies Code, which
applies to lawsuits brought by inmates in which an affidavit or unsworn
declaration of inability to pay costs is filed by the inmate.  Tex.
Civ. Prac. & Rem. Code Ann. '
14.002(a) (Vernon 2002).  Appellees
asserted that Williams did not satisfy chapter 14=s
requirements because he did not file (1) an affidavit identifying his previous
court filings, (2) a certified copy of his trust account statement, and (3) an
affidavit stating the date that the underlying grievance was filed and the date
the written decision was received by the inmate along with a copy of the
written decision from the grievance system. 
Appellees also argued that dismissal was warranted because Williams did
not file his lawsuit by the thirty-first day after he received the written
decision from the administrative grievance system.  Subsequently, the trial court dismissed
Williams=s case
with prejudice, finding that the case was frivolous and not in compliance with
chapter 14 of the civil practice and remedies code.  Williams now appeals.

III.  Dismissal
Pursuant to Chapter 14 of the 

Texas
Civil Practice and Remedies Code

 

A.     Procedural requirements













One of chapter 14=s
procedural prerequisites that Appellees claim Williams did not fulfill is found
in section 14.005, which requires the inmate to file an affidavit or unsworn
declaration stating the date that the prison grievance underlying the lawsuit
was filed, along with a copy of the written decision from the grievance
system.  See id. '
14.005(a).  The inmate must file his
lawsuit within thirty-one days after the date he received the written decision
from TDCJ=s grievance system.  See id. ' 14.005(b).[2]  Other requirements are found in section
14.004, including the requirement that the inmate must file an affidavit
describing his previous lawsuits, and this affidavit must be accompanied by a
certified copy of the inmate=s trust
account statement.[3]  See id. ' 14.004.  Inmates are held to the same standard as
licensed counsel under this statute regarding these procedural requirements
because otherwise they would be given an unfair advantage over those
represented by counsel.  See Stewart
v. Tex. Dep=t of Criminal Justice-Inst. Div., No.
14-01-00848-CV, 2002 WL 31008315, at *2 (Tex. App.CHouston
[14th Dist.] Sept. 5, 2002, no pet.) (not designated for publication).  

B.     Dismissal

Williams filed what he termed an Aaffidavit@ to
request the trial court to allow him to proceed Ain forma
pauperis,@ so he was required to comply
with all the procedural requirements of chapter 14.  See Tex.
Civ. Prac. & Rem. Code Ann. '
14.002(a) (providing that this chapter applies to a suit brought by an inmate
in a district, county, justice of the peace, or small claims court in which an
affidavit or unsworn declaration of inability to pay costs is filed by the
inmate).  The trial court found that
Williams=s claims
were frivolous and not in compliance with chapter 14=s
requirements, and it dismissed Williams=s claims
with prejudice.  We review a trial court=s
dismissal of an inmate=s claim under chapter 14 for an
abuse of discretion.  Bishop v. Lawson,
131 S.W.3d 571, 574 (Tex. App.CFort
Worth 2004, pet. denied).  








A court abuses its discretion if it acts without
reference to guiding rules or principles. 
Id.; see Downer v. Aquamarine Operators, Inc., 701 S.W.2d
238, 241-42 (Tex. 1985), cert. denied, 476 U.S. 1159 (1986).  A dismissal for failure to file a description
of the prior litigation is not an abuse of discretion.  Bell v. Tex. Dep=t of
Criminal Justice-Inst. Div., 962 S.W.2d 156, 158 (Tex. App.CHouston
[14th Dist.] 1998, pet. denied); Hickson v. Moya, 926 S.W.2d 397, 398
(Tex. App.CWaco 1996, no writ).  Nor is a dismissal for failure to file the
affidavit of grievances and a copy of the written decision from the grievance
system an abuse of discretion.  See
Bishop, 131 S.W.3d at 574-75. 
Furthermore, a court must dismiss a claim if the inmate fails to file
the claim before the thirty-first day after the date the inmate receives the
written decision from the grievance system. 
Tex. Civ. Prac. & Rem. Code
Ann. ' 14.005(b).

Williams concedes that, due to an Aoversight,@ he did
not file an affidavit identifying the suits he had brought in the past, nor did
he file an affidavit regarding his previously filed grievances and copies of
the written decisions.  Furthermore, the
information he does provide in his pleadings regarding his grievance decisions
shows that he did not meet the thirty-one-day deadline for filing suit.  








In Williams=s
response to Appellees= motion to dismiss, Williams
asserted that he had exhausted his administrative remedies.  His pleading reveals that he had received a
decision from the grievance system dated October 30, 2003.[4]  Williams complained that his step one
grievance was not allowed to proceed to the Astep two
process.@  But the responses to his subsequent repeated
grievance filings make clear that TDCJ had reached a decision on his grievance
and that the decision had been communicated to him in the October 30, 2003
response to his initial grievance.[5]  Williams did not file suit until October 13,
2005Cnearly
two years after he received this grievance decision. Accordingly, based on the
above-cited authority, we hold that the trial court did not abuse its
discretion by dismissing Williams=s suit.








We would come to the same conclusion even if, as
Williams contends in his motion for reconsideration, prison officials
improperly failed to allow his step one grievance to escalate to a step two
grievance.  The triggering event that
starts the running of the thirty-one-day period for filing suit is the receipt
of a written decision issued by the highest authority provided for in the
grievance system or, if the inmate has not received such a written decision,
then the 180th day after the date the grievance is filed.  See Tex.
Civ. Prac. & Rem. Code Ann. '
14.005(a)(1), (b); Tex. Gov=t Code
Ann. ' 501.008(d).  Therefore, even if the grievance process was
not exhausted because Williams=s
complaint did not proceed to a step two grievance and he did not receive a
written decision from the highest authority provided for in the grievance
system, he still was required to file suit within 180 days of October 14, 2003Cthe date
his grievance was filed.  But because he
waited nearly two years to sue, he did not meet this deadline either;
consequently, the trial court did not abuse its discretion by dismissing
Williams=s suit.

Our holding that the trial court did not abuse
its discretion does not, however, end our inquiry.  Williams argues in his first point that the
trial court abused its discretion by dismissing his case with prejudice,
instead of without prejudice, giving him no opportunity to correct the
procedural deficiencies in his original lawsuit.  Therefore, we must also determine whether the
trial court abused its discretion by dismissing Williams=s suit
with prejudice.

IV. Dismissal
with Prejudice 

A. Applicable Law 

A dismissal with prejudice constitutes an
adjudication on the merits and operates as if the case had been fully tried and
decided.  See Ritchey v. Vasquez,
986 S.W.2d 611, 612 (Tex. 1999).  Thus,
orders dismissing cases with prejudice have full res judicata and collateral
estoppel effect, barring subsequent relitigation of the same causes of action
or issues between the same parties.  See
Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630-31 (Tex. 1992). 








A dismissal with prejudice is improper if the
plaintiff=s failure to comply with the
statute=s
procedural requirements can be remedied. 
See Hickman v. Adams, 35 S.W.3d 120, 125 (Tex. App.CHouston
[14th Dist.] 2000, no pet.).  When reviewing
whether the trial court abused its discretion by dismissing with prejudice,
this court should consider whether the prisoner=s error
could be remedied with more specific pleading; if so, a dismissal with prejudice
is improper.  See Thomas v. Knight,
52 S.W.3d 292, 294 (Tex. App.CCorpus
Christi 2001, pet. denied), cert. denied, 537 U.S. 890 (2002).

B. Analysis 

Williams=s
failure to file affidavits relating to his previous lawsuits and grievance
decisions could certainly be corrected through supplemental filings.  See, e.g., Thomas v. Skinner,
54 S.W.3d 845, 847 (Tex. App.CCorpus
Christi 2001, pet. denied) (holding that dismissal with prejudice for failing
to file previous-filings affidavit was improper because inmate=s error
could have been remedied through amendment). 
However, his failure to file his claim before the thirty-one day
deadline cannot be remedied.  See
Moreland v. Johnson, 95 S.W.3d 392, 395 (Tex. App.CHouston
[1st Dist.] 2000, no pet.) (AA suit
that is not timely filed pursuant to section 14.005(b) is barred and may be
dismissed with prejudice.@); see also Jon v. Tuatagola,
No. 06-05-00116-CV, 2006 WL 237519, at *2 (Tex. App.CTexarkana
Feb. 2, 2006, no pet.) (mem. op.) (holding that plaintiff=s
failure to comply with chapter 14=s filing
deadline presented a time bar that could not be remedied). 








Inmates must comply with rules that make the
trial process possible or that facilitate the functioning of our system of
justice.  Randle v. Wilson, 26
S.W.3d 513, 516 (Tex. App.CAmarillo
2000, no pet.).  A limitation period,
such as that contained in section 14.005(b), is such a rule.  Id. 
For an inmate who has already pursued a grievance through
administrative channels and has exhausted his administrative remedies, thirty‑one
days is ample time to convert that grievance into a lawsuit.  Id. 
Because Williams did not act until nearly two years after receiving a
decision on his grievance, his suit is time-barred, and he cannot remedy this
late filing.  See Moreland, 95
S.W.3d at 395.  Accordingly, we hold that
the trial court did not abuse its discretion by dismissing Williams=s claims
with prejudice.  We overrule Williams=s first
point.[6]

V. 
Conclusion

Having overruled Williams=s first
point and held that the trial court did not abuse its discretion by dismissing
his claims with prejudice, we affirm the trial court=s
dismissal order.

 

BOB
MCCOY

JUSTICE

 








PANEL A:   CAYCE,
C.J.; HOLMAN and MCCOY, JJ.

 

DELIVERED: January 31,
2008











[1]See Tex. R. App. P. 47.4.





[2]Section 14.005 applies to
suits Asubject to the grievance
system established under Section 501.008, Government Code.@  Section 501.008 of the Texas Government Code,
in turn, directs the TDCJ to create a grievance system for inmates and provides
that a remedy through the grievance system is the exclusive administrative
remedy available to an inmate for a claim for relief against the TDCJ that
arises while the inmate is housed in a TDCJ facility. See Tex. Gov=t
Code Ann. ' 501.008(a) (Vernon
2004).  An inmate may not file such a
claim for relief against the TDCJ in state court until he has exhausted his
administrative remedies through the grievance system.  See id. ' 501.008(d).  Williams does not dispute that his claims
against Appellees are subject to the TDCJ grievance system.





[3]Appellees asserted, incorrectly,
in their motion to dismiss that Williams did not file a certified copy of his
trust fund account statement.  See id.
' 14.006(f)
(requiring the statement to reflect the balance of the account at the time the
claim is filed and activity in the account during the six months preceding the
date on which the claim is filed).  We
note that while Williams did not attach a copy of his trust fund statement to
his original petition, he did subsequently file this document in the trial
court before the Appellees filed their motion to dismiss.





[4]Specifically, Williams
stated that his grievance was returned to him on October 30, 2003, with the
remarks, AYou were reviewed by UCC
on 10-22-30.  A unit transfer was
recommended.@





[5]Williams claimed that he
submitted two more grievances on October 17 that were both returned to him on
October 30, 2003, with the response, AThis grievance was answered on a previous
grievance.@

Williams
continued to submit step two grievances dated November 2003, December 31, 2003,
and January 29, 2004, to which he received no response.





[6]Because we have held that
the trial court properly dismissed Williams=s suit with prejudice based on procedural
defects, we need not reach his remaining points, which all concern the actual
merits of the suit.  See Tex. R. App. P. 47.1.