COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.
 
2-06-348-CV

WOODROW WILSON WILLIAMS, APPELLANT

TDCJ NO. 672377

V.

WARDEN J. MOONEYHAM, ET AL. APPELLEES

------------

FROM COUNTY COURT AT LAW NO. 1 OF WICHITA COUNTY

------------

MEMORANDUM OPINION ON REHEARING
(footnote: 1)

------------

After considering our prior opinion on appellant Woodrow Wilson Williams’s motion for reconsideration, we deny the motion, but we withdraw our opinion and judgment November 1, 2007, and substitute the following.

I.  
Introduction

Appellant Woodrow Wilson Williams, appearing pro se, asserts that the trial court abused its discretion by dismissing with prejudice his lawsuit against four corrections officers, thus denying him an opportunity to amend his pleadings to comply with chapter 14 of the Texas Civil Practice and Remedies Code.  Because we hold that Williams’s failure to file his lawsuit by the statutory deadline could not have been remedied by amended pleadings, we affirm.

II. 
Background

Williams is an inmate currently confined in the Texas Department of Criminal Justice—Correctional Institutions Division.  On October 13, 2005, Williams sued the four appellees—corrections officers James Mooneyham, Oscar E. Paul, Stanley McMillar, and Sean Palmer—in their individual capacities, contending that he had been attacked by a fellow inmate nearly two years earlier, on October 14, 2003.  Williams alleged that Appellees acted with gross negligence and deliberate indifference in failing to protect him from this attack despite their knowledge of a prior attack perpetrated on him by the same inmate.  Williams filed along with his petition an “Application To Proceed In Forma Pauperis,” in which he requested to proceed “without being required to prepay fees, cost or give security thereof.” 

Appellees moved to dismiss Williams’s lawsuit, arguing that Williams had failed to fulfill the procedural requirements of chapter 14 of the Texas Civil Practice and Remedies Code, which applies to lawsuits brought by inmates in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.002(a) (Vernon 2002).  Appellees asserted that Williams did not satisfy chapter 14’s requirements because he did not file (1) an affidavit identifying his previous court filings, (2) a certified copy of his trust account statement, and (3) an affidavit stating the date that the underlying grievance was filed and the date the written decision was received by the inmate along with a copy of the written decision from the grievance system.  Appellees also argued that dismissal was warranted because Williams did not file his lawsuit by the thirty-first day after he received the written decision from the administrative grievance system.  Subsequently, the trial court dismissed Williams’s case with prejudice, finding that the case was frivolous and not in compliance with chapter 14 of the civil practice and remedies code.  Williams now appeals.

III.  
Dismissal Pursuant to Chapter 14 of the 

Texas Civil Practice and Remedies Code

A. Procedural requirements

One of chapter 14’s procedural prerequisites that Appellees claim Williams did not fulfill is found in section 14.005, which requires the inmate to file an affidavit or unsworn declaration stating the date that the prison grievance underlying the lawsuit was filed, along with a copy of the written decision from the grievance system.  
See id. 
§ 14.005(a).  The inmate must file his lawsuit within thirty-one days after the date he received the written decision from TDCJ’s grievance system.  
See id.
 § 14.005(b).
(footnote: 2)  Other requirements are found in section 14.004, including the requirement that the inmate must file an affidavit describing his previous lawsuits, and this affidavit must be accompanied by a certified copy of the inmate’s trust account statement.
(footnote: 3)  
See id.
 § 14.004.  Inmates are held to the same standard as licensed counsel under this statute regarding these procedural requirements because otherwise they would be given an unfair advantage over those represented by counsel.  
See Stewart v. Tex. Dep’t of Criminal Justice-Inst. Div.
, No. 14-01-00848-CV, 2002 WL 31008315, at *2 (Tex. App.—Houston [14th Dist.] Sept. 5, 2002, no pet.) (not designated for publication).  

B. Dismissal

Williams filed what he termed an “affidavit” to request the trial court to allow him to proceed “in forma pauperis,” so he was required to comply with all the procedural requirements of chapter 14.  
See
 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.002(a) (providing that this chapter applies to a suit brought by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate).  The trial court found that Williams’s claims were frivolous and not in compliance with chapter 14’s requirements, and it dismissed Williams’s claims with prejudice.  We review a trial court’s dismissal of an inmate’s claim under chapter 14 for an abuse of discretion.  
Bishop v. Lawson
, 131 S.W.3d 571, 574 (Tex. App.—Fort Worth 2004, pet. denied).  

A court abuses its discretion if it acts without reference to guiding rules or principles.  
Id.
; 
see Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).  A dismissal for failure to file a description of the prior litigation is not an abuse of discretion.  
Bell v. Tex. Dep’t of Criminal Justice-Inst. Div.
, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th
 Dist.] 1998, pet. denied); 
Hickson v. Moya
, 926 S.W.2d 397, 398 (Tex. App.—Waco 1996, no writ).  Nor is a dismissal for failure to file the affidavit of grievances and a copy of the written decision from the grievance system an abuse of discretion.  
See
 
Bishop
, 131 S.W.3d at 574-75.  Furthermore, a court must dismiss a claim if the inmate fails to file the claim before the thirty-first day after the date the inmate receives the written decision from the grievance system.  
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.005(b).

Williams concedes that, due to an “oversight,” he did not file an affidavit identifying the suits he had brought in the past, nor did he file an affidavit regarding his previously filed grievances and copies of the written decisions.  Furthermore, the information he does provide in his pleadings regarding his grievance decisions shows that he did not meet the thirty-one-day deadline for filing suit.  

In Williams’s response to Appellees’ motion to dismiss, Williams asserted that he had exhausted his administrative remedies.  His pleading reveals that he had received a decision from the grievance system dated October 30, 2003.
(footnote: 4)  Williams complained that his step one grievance was not allowed to proceed to the “step two process.”  But the responses to his subsequent repeated grievance filings make clear that TDCJ had reached a decision on his grievance and that the decision had been communicated to him in the October 30, 2003 response to his initial grievance.
(footnote: 5)  Williams did not file suit until October 13, 2005—nearly two years after he received this grievance decision. Accordingly, based on the above-cited authority, we hold that the trial court did not abuse its discretion by dismissing Williams’s suit.

We would come to the same conclusion even if, as Williams contends in his motion for reconsideration, prison officials improperly failed to allow his step one grievance to escalate to a step two grievance.  The triggering event that starts the running of the thirty-one-day period for filing suit is the receipt of a written decision issued by the highest authority provided for in the grievance system or, if the inmate has not received such a written decision, then the 180th day after the date the grievance is filed.  
See 
Tex. Civ. Prac. & Rem. Code Ann.
 § 14.005(a)(1), (b); 
Tex. Gov’t Code Ann.
 § 501.008(d).  Therefore, even if the grievance process was not exhausted because Williams’s complaint did not proceed to a step two grievance and he did not receive a written decision from the highest authority provided for in the grievance system, he still was required to file suit within 180 days of October 14, 2003—the date his grievance was filed.
  But because he waited nearly two years to sue, he did not meet this deadline either; consequently, the trial court did not abuse its discretion by dismissing Williams’s suit.

Our holding that the trial court did not abuse its discretion does not, however, end our inquiry.  Williams argues in his first point that the trial court abused its discretion by dismissing his case with prejudice, instead of without prejudice, giving him no opportunity to correct the procedural deficiencies in his original lawsuit.  Therefore, we must also determine whether the trial court abused its discretion by dismissing Williams’s suit with prejudice.

IV. 
Dismissal with Prejudice 

A. Applicable Law 

A dismissal with prejudice constitutes an adjudication on the merits and operates as if the case had been fully tried and decided.
  See Ritchey v. Vasquez
, 986 S.W.2d 611, 612 (Tex. 1999).  Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the same causes of action or issues between the same parties.  
See Barr v. Resolution Trust Corp.
, 837 S.W.2d 627, 630-31 (Tex. 1992). 

A dismissal with prejudice is improper if the plaintiff’s failure to comply with the statute’s procedural requirements can be remedied.  
See Hickman v. Adams
, 35 S.W.3d 120, 125 (Tex. App.—Houston [14th Dist.] 2000, no pet.).  When reviewing whether the trial court abused its discretion by dismissing with prejudice, this court should consider whether the prisoner’s error could be remedied with more specific pleading; if so, a dismissal with prejudice is improper.  
See Thomas v. Knight
, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi 2001, pet. denied), 
cert. denied
, 537 U.S. 890 (2002).

B. Analysis 

Williams’s failure to file affidavits relating to his previous lawsuits and grievance decisions could certainly be corrected through supplemental filings.  
See, e.g.,
 
Thomas v. Skinner
, 54 S.W.3d 845, 847 (Tex. App.—Corpus Christi 2001, pet. denied) (holding that dismissal with prejudice for failing to file previous-filings affidavit was improper because inmate’s error could have been remedied through amendment)
.  However, his failure to file his claim before the thirty-one day deadline cannot be remedied.  
See Moreland v. Johnson
, 95 S.W.3d 392, 395 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (“A suit that is not timely filed pursuant to section 14.005(b) is barred and may be dismissed with prejudice.”); 
see also Jon v. Tuatagola
, No. 06-05-00116-CV, 2006 WL 237519, at *2 (Tex. App.—Texarkana Feb. 2, 2006, no pet.) (mem. op.) (holding that plaintiff’s failure to comply with chapter 14’s filing deadline presented a time bar that could not be remedied).
 

Inmates must comply with rules that make the trial process possible or that facilitate the functioning of our system of justice. 
 Randle v. Wilson
, 26 S.W.3d 513, 516 (Tex. App.—Amarillo 2000, no pet.).  A limitation period, such as that contained in section 14.005(b), is such a rule.  
Id.  
For an inmate who has already pursued a grievance through administrative channels and has exhausted his administrative remedies, thirty-one days is ample time to convert that grievance into a lawsuit.  
Id.
  Because Williams did not act until nearly two years after receiving a decision on his grievance, his suit is time-barred, and he cannot remedy this late filing.  
See Moreland
, 95 S.W.3d at 395.  Accordingly, we hold that the trial court did not abuse its discretion by dismissing Williams’s claims with prejudice.  We overrule Williams’s first point.
(footnote: 6)
V.  Conclusion

Having overruled Williams’s first point and held that the trial court did not abuse its discretion by dismissing his claims with prejudice, we affirm the trial court’s dismissal order.

BOB MCCOY

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and MCCOY, JJ.

DELIVERED: January 31, 2008

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Section 14.005 applies to suits “subject to the grievance system established under Section 501.008, Government Code.”  Section 501.008 of the Texas Government Code, in turn, directs the TDCJ to create a grievance system for inmates and provides that a remedy through the grievance system is the exclusive administrative remedy available to an inmate for a claim for relief against the TDCJ that arises while the inmate is housed in a TDCJ facility. 
See
 
Tex. Gov’t Code Ann
. § 501.008(a) (Vernon 2004).  An inmate may not file such a claim for relief against the TDCJ in state court until he has exhausted his administrative remedies through the grievance system.  
See id. 
§ 501.008(d).  Williams does not dispute that his claims against Appellees are subject to the TDCJ grievance system.

3:
Appellees asserted, incorrectly, in their motion to dismiss that Williams did not file a certified copy of his trust fund account statement.  
See id.
 § 14.006(f) (requiring the statement to reflect the balance of the account at the time the claim is filed and activity in the account during the six months preceding the date on which the claim is filed).  We note that while Williams did not attach a copy of his trust fund statement to his original petition, he did subsequently file this document in the trial court before the Appellees filed their motion to dismiss.

4:
Specifically, Williams stated that his grievance was returned to him on October 30, 2003, with the remarks, “You were reviewed by UCC on 10-22-30.  A unit transfer was recommended.”

5:
Williams claimed that he submitted two more grievances on October 17 that were both returned to him on October 30, 2003, with the response, “This grievance was answered on a previous grievance.”

Williams continued to submit step two grievances dated November 2003, December 31, 2003, and January 29, 2004, to which he received no response.

6:
Because we have held that the trial court properly dismissed Williams’s suit with prejudice based on procedural defects, we need not reach his remaining points, which all concern the actual merits of the suit.  
See
 
Tex. R. App. P.
 47.1.