NO. 07-11-0321-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 25, 2013

_____

KEITH THOMAS, APPELLANT

V.

DAVID RYAN BASSE, DARLENE PIZARRO, BRANDI GREGORY/KENDRICK,
JENNIFER L. TAMPLEN, DOROTHY L. BARFOOT, JOSEPHINE ABERNATHY,
CHARLES MCDUFFIE, JILL M. MEYERS, WILLIAM JONES III, APPELLEES

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 98627-A; HONORABLE, DAN SCHAAP, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Keith Thomas, appeals the trial court's dismissal of his claims

pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.[1]  We affirm.

---

[1]Chapter 14 contains procedures governing inmate litigation.  See TEX. CIV. PRAC. & REM. CODE ANN. §
14.001-.014 (WEST 2002 & SUPP. 2012).  Subsequent citations to Chapter 14 throughout the remainder of
this opinion will simply be as "chapter ____," "section ____," or "§ ____."

## BACKGROUND

Appellant is an inmate presently incarcerated in the Institutional Division of the Texas Department of Criminal Justice. On May 20, 2010, he filed a *pro se* lawsuit against numerous individuals alleging various state and federal constitutional violations. Specifically, he alleged that between February 6, 2008 and April 10, 2008, Appellee, Dr. David Ryan Basse, performed unnecessary digital rectal exams to discourage him from seeking necessary medical treatment and that the other Appellees retaliated against him for complaining about Dr. Basse, and they conspired to conceal their own retaliatory tactics.

In filing his lawsuit, Appellant sought to proceed *in forma pauperis* by filing an unsworn declaration of inability to pay costs. Furthermore, in conjunction with the filing of his original petition, Appellant filed an *Affidavit of the Exhaustion of Administrative Remedies,* wherein he alleges that Appellee, Dorothy Barfoot, in her capacity as a grievance investigator, conspired with others to circumvent his grievance rights. That affidavit does not address the operative facts of Appellant's complaints against Dr. Basse. While it does include a copy of Appellant's Step One Grievance Form concerning Barfoot's alleged efforts to obstruct the grievance system, it does not include a copy of any written decision from the grievance system.[2] On August 19, 2010,

---

[2]The Texas Department of Criminal Justice inmate grievance procedure system is a two-step process outlined in its Offender Orientation Handbook which is distributed to every inmate upon their confinement. *See* http://www.tdcj.state.tx.us/publications/pubs_cid_offender_orientation_handbook.html. *See also McBride v. Tex. Dep't of Crim. Justice*, No. 12-11-00117-CV, 2012 Tex. App. LEXIS 9948, at *7 (Tex.App.—Tyler 2012, no pet. h.) (citing *Addicks v. Quarterman*, No. 12-09-00098-CV, 2011 Tex. App. LEXIS 1077, at *2-3 (Tex.App.—Tyler Feb. 16, 2011, no pet.) (mem. op.). The Step One grievance must be filed within fifteen days from the date of the alleged incident or occurrence*. Id.* If the inmate receives an adverse Step One decision, the inmate has fifteen days to file a Step Two grievance. *Id. See also Crain v. Pasifka,* 97 S.W.3d 867, 870 (Tex.App.—Corpus Christi 2003, (pet. denied) (a Step Two grievance response is a written decision from the highest authority in the grievance system).

Appellant filed a subsequent affidavit "to establish compliance to Chapter § 14.005 V.T.C.A. Civil Practices and Remedies code, Exhaustion of TDCJ-ID Administrative Remedies., Grievance System/Decision." Attached to that affidavit were Appellant's Step One and Step Two Grievance Forms, together with the written decision from the grievance system. Again, however, these grievances do not address Appellant's complaints concerning Dr. Basse, nor do they address the other operative facts of this litigation.

In June 2011, without conducting a hearing, the trial court dismissed Appellant's claims "as frivolous for failure to comply with Chapter 14." Appellant now challenges the dismissal of his claims alleging that (1) the trial court inappropriately utilized Chapter 14 to dismiss his civil action; (2) the trial court should not have dismissed his civil action "without making sure Pro se and Incarcerated Plaintiff had been notify of dismissing this suit"; (3) the trial court erred in dismissing his claim because he was prevented from complying with § 14.005 by the failure of the Texas Department of Criminal Justice to "return grievances as prescribe by law and TDCJ-Policy"; and (4) his claims were not frivolous or malicious. In support of his contentions, Appellant contends he was deprived of adequate access to the prison law library, he substantially complied with the requirements of § 14.004 by listing the style of two inmate civil actions, his failure to comply with the requirements of Chapter 14 should be "tolled" because he was deprived of a meaningful grievance process, and the statute of limitations provisions of Chapter 14 should be tolled because the acts of Appellees were continuous and ongoing. Based on the standard of review set forth hereinbelow, Appellant's complaints on

appeal can be globally rephrased as follows: Did the trial court abuse its discretion by granting Appellees' Chapter 14 motion to dismiss?

## CHAPTER 14 DISMISSALS

In order to control inmate litigation, which may be frivolous, the Legislature enacted Chapter 14 of the Texas Civil Practices and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.001-.014 (WEST 2002 & SUPP. 2012). Chapter 14 applies to any lawsuit filed by an inmate in a district, county, justice of the peace, or small claims court in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate, other than an action brought under the Family Code. *Id.* at § 14.002. Section 14.003 provides that a court may dismiss such a claim, either before or after service of process, if the court finds that the claim is frivolous or malicious. *Id.* at § 14.003(a)(2); *Comeaux v. Tex. Dep't of Criminal Justice*, 193 S.W.3d 83, 86 (Tex.App.—Houston [1st Dist.] 2006, pet. denied). Section 14.004(a) requires that an inmate file a separate affidavit or unsworn declaration identifying each *pro se* action (other than a suit brought under the Family Code) brought by the inmate, identifying whether the suit was dismissed as frivolous or malicious under section 13.001 or section 14.003 or otherwise. *Id.* at § 14.004(a). If a previous suit has been dismissed as frivolous or malicious, section 14.004(b) further requires the affidavit or unsworn declaration state "the date of the final order affirming the dismissal." *Id.* at § 14.004(b).

Section 14.005 requires that an inmate filing a claim that is subject to the grievance system established by section 501.008(d) of the Texas Government Code shall file an affidavit or unsworn declaration stating the date the grievance was filed and

the date the written decision described by section 501.008(d) was received by the inmate. *Id.* at § 14.005(a)(1). Additionally, the inmate shall include a copy of the written decision from the grievance system. *Id.* at § 14.005(a)(2). Section 14.005(b) also states that "[a] court *shall* dismiss a claim if the inmate fails to file the claim before the 31st day after the date the inmate receives the written decision from the grievance system." *Id.* at § 14.005(b) (emphasis added); *Leachman v. Dretke*, 261 S.W.3d 297, 311 (Tex.App.—Fort Worth 2008, no pet.).

## STANDARD OF REVIEW

A trial court's dismissal of an inmate's suit pursuant to Chapter 14 is reviewed under the standard of abuse of discretion. *Retzlaff v. Tex. Dep't of Criminal Justice,* 94 S.W.3d 650, 654 (Tex.App.—Houston [14th Dist.] 2002, pet. denied). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or, alternatively, whether the trial court's actions were arbitrary and unreasonable based on the circumstances of the individual case. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

A trial court has broad discretion to dismiss an inmate's suit if it finds the claim asserted is frivolous or malicious; *Martinez v. Thaler,* 931 S.W.2d 45, 46 (Tex.App.—Houston [14th Dist.] 1996, writ denied), and a dismissal will be affirmed if it is proper under any legal theory. *Johnson v. Lynaugh,* 796 S.W.2d 705, 706-07 (Tex. 1990). In determining whether a claim is frivolous or malicious, the trial court may consider whether (1) the claim's realistic chance of ultimate success is slight, (2) the claim has no arguable basis in law or in fact, (3) it is clear that the plaintiff cannot prove facts in

5

support of the claim, or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts. TEX. CIV. PRAC. & REM. CODE ANN. §14.003(b) (WEST 2002). If the inmate fails to exhaust his administrative remedies his claim is considered as having no arguable basis in law and is, therefore, frivolous and subject to dismissal. *Hamilton v. Williams*, 298 S.W.3d 334, 339-40 (Tex.App.—Fort Worth 2009, pet. denied) (citing *Leachman*, 261 S.W.3d at 311). If an inmate fails to exhaust his administrative remedies, we may affirm a dismissal even if that ground was not presented in a motion to dismiss. *Id.* at 340 (citing *Retzlaff*, 94 S.W.3d at 653). In addition, if an inmate fails to file his claim within thirty-one days of receiving a final administrative decision under the grievance procedures, the trial court must dismiss the suit. *Brewer v. Simental*, 268 S.W.3d 763, 768 (Tex.App.—Amarillo 2009, no pet.) (strict compliance is required). *See Wolf v. Tex. Dep't of Crim. Justice*, 182 S.W.3d 449, 450 (Tex.App.—Texarkana 2006, pet. denied).

Accordingly, an inmate may not file a claim in state court regarding any claim for which the TDCJ grievance system provides the exclusive administrative remedy until either (1) the inmate receives a written decision issued by the highest authority provided in the grievance system, or (2) the 180th day after the date the grievance is filed, if the inmate has not received a written decision. *See Retzlaff,* 94 S.W.3d at 654; *Johnson v. Conner,* No. 07-11-00055-CV, 2011 Tex. App. LEXIS 6505, at *9 (Tex.App.—Amarillo Aug. 16, 2011, no pet.) (mem. op.) (citing TEX. GOV'T. CODE ANN. § 501.008(d) (WEST 2012)).

ANALYSIS

Here, both affidavits of exhaustion of administrative remedies filed by Appellant contain statements concerning Barfoot's efforts to deliberately and intentionally "hinder and impose on [Appellant] access to a fair outcome." Neither affidavit addresses the operative facts underlying the claims concerning Dr. Basse, nor do they address the acts of others allegedly committed in retaliation against Appellant for complaining about Dr. Basse. The attachment to Appellant's original affidavit is a Step One Grievance Form attempting to incorporate prior grievances that were finally decided no later than August 26, 2009, nearly nine months prior to the filing of this suit. Moreover, his Step One Grievance Form does not reflect whether it was actually ever filed or finally decided. The attachment to Appellant's second affidavit is a Step Two Grievance Form; however, once again, this grievance does not address the merits of this proceeding. Accordingly, both affidavits are insufficient to meet the requirements of § 14.005 because neither affidavit addresses the merits of this litigation.

With respect to whether Appellant filed his claim before the 31st day after the date he received the written decision of the grievance system, he contends that we should take into consideration his argument that Appellees caused the delay. We are not inclined to imply a tolling provision in a statute when the statute's plain language contains none. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005 (WEST 2002). In *Randle v. Wilson,* 26 S.W.3d 513 (Tex.App.—Amarillo 2000, no pet.), this Court aptly stated:

> [A] state may require inmates to comply with rules that make the trial process possible or that facilitate the functioning of our system of justice.

[citation omitted]. A limitation period, such as the 31 day period at bar, is akin to such a rule. It exists not only to compel litigants to take action, but also provides our judicial system an opportunity to timely and efficiently address legitimate claims and injuries, thus, it serves a reasonable purpose. Moreover, it is not unreasonable to expect inmates to comply with it. For a prisoner who has already pursued a grievance through administrative channels and has exhausted his administrative remedies, 31 days to convert that grievance into a lawsuit is ample time to act. This is not a circumstance wherein the inmate has merely 31 days to discover the claim and then initiate suit upon it; he already knows of it.

*Id.* at 516.

Because Appellant failed to demonstrate that he exhausted his administrative remedies with respect to his claims asserted here or that his claims were timely filed thereafter, we find the trial court did not abuse its discretion in dismissing his petition. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.005(b) (WEST 2002); *Randle,* 26 S.W.3d at 516.

## CONCLUSION

The trial court's judgment dismissing Appellant's claims against Appellees for failure to comply with Chapter 14 of the Texas Civil Practices and Remedies Code is affirmed.

Patrick A. Pirtle
Justice

8